Wood *v.* Thomas and Others.

In debt on a bond conditioned to prosecute an appeal from the judgment of a justice of the peace with effect, &c., the defence was, that the appeal was not taken within thirty days from the rendition of the judgment, and was for that cause dismissed. *Held*, that the defence was insufficient.

ERROR to the *Union* Circuit Court.

SULLIVAN, J.—Debt. The suit was commenced before a justice of the peace and appealed to the Circuit Court. The cause of action filed was an appeal-bond, the condition of which recites " that the above bound *Edward S. Thomas* has this day appealed to the *Union* Circuit Court from the judgment of *James Lamb*, a justice of the peace of said county, lately rendered in favour of *William Wood* against him the said *E. S. Thomas;* now if the said *Thomas* shall prosecute his said appeal with effect, and pay the full amount of the consideration-money and costs in case judgment be given against him in the Circuit Court, then the above obligation to be void," &c. The defence set up was, that the appeal in the case of *Wood* v. *Thomas*, for the effectual prosecution of which the bond sued on was given, was not taken within thirty days from the rendition of the judgment, and was for that cause dismissed by the Court; that it was in fact no appeal; and that the defendants, therefore, are not liable on the appeal-bond. The Circuit Court gave judgment for the defendants.

The defendants, by an admission in the condition of the bond, are estopped from denying that an appeal was taken in

May Term, 1841.

the case of *Wood* v. *Thomas.* The only question in the case then is, whether the defence they set up is sufficient to discharge them from liability on the bond? We are of opinion it is not. The defendants bound themselves that the appellant 'in the case referred to, should prosecute his appeal' with effect. To prosecute a suit with effect means that it shall be prosecuted successfully to final judgment. If on a bond with a condition to prosecute a suit with effect, the suit be dismissed, or the plaintiff nonsuited, the condition is broken and an action will lie on the bond. *Dias* v. *Freeman,* 5 T. R. 195.—*Perreau* v. *Bevan,* 5 B. & C. 284.—*Brackenbury* v. *Pell,* 12 East, 585.—*Brown* v. *Parker,* in this Court, *May* term, 1840. The cases cited settle the one under consideration. The construction must be the same.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. S. Newman,* for the plaintiff.

*C. B. Smith,* for the defendants.