Blackford, J.
Smith sued Frazer before a justice of the peace, and, on tbe 18th of November, 1840, obtained a judgment. There is a statement on the justice’s docket, after the entry of the judgment, as follows: “ On the 20th of November, 1840, comes the defendant and files an appeal-bond, but does not ask for an appeal until he further considers the matter.” On the 2d of March, 1841, the justice, at the request of the defendant’s attorney, sent up to the Circuit Court a transcript of the judgment. The Court, on the plaintiff’s motion, ruled the defendant to show cause why the appeal should not be dismissed. The defendant, in answer to the rule, filed two affidavits—one made by himself, and the other by his attorney. These affidavits show that the appeal was prayed at the time the appeal-bond was filed, and that the papers ought then to have been sent to the Circuit Court. The appeal was dismissed.
The question presented by,this case is, whether or not the appeal was prayed for within the time prescribed by the statute? and that question must be decided either by the entry on the justice’s docket, or by the affidavits, to which we have referred. That part of the justice’s entry, which states that the appeal was not requested when the appeal-bond was filed, was not a matter that belonged to the record of the cause, and was therefore not conclusive on the subject. That being the case, extrinsic evidence—such as the affidavits which were introduced--was admissible to show, on the motion before the Court, that an appeal was prayed for, and the time when it was prayed. Considering the affidavits, as we do, to be the proper evidence on the subject, the appeal was proved to have been prayed in time, and it ought not, therefore, to have been dismissed.
Per Curiam.—The judgment is reversed with costs. Cause remanded, &c.