## REEVES and Another *v.* ANDREWS.

In a suit before a justice of the peace, under the R. S. 1843, the defendant having pleaded a set-off, recovered a judgment against the plaintiff. The plaintiff, having executed an appeal bond, conditioned as prescribed by the statute, took an appeal to the Circuit Court, where he dismissed the action. The defendant then instituted suit against him and his surety upon the appeal bond.

*Held*, that after the appeal to the Circuit Court, the cause, for the purposes of trial and final adjudication, was there *de novo*, as if it had been commenced in the Circuit Court.

*Held*, also, that the plaintiff had the right to dismiss the suit appealed, and that the dismissal operated to avoid the proceedings before the justice.

*Held*, also, that the obligors in the appeal bond were estopped, in the suit instituted upon it, from denying that the appeal had been taken.

Nov. Term,
1855.

———

REEVES
v.
ANDREWS.

*Held*, also, that the dismissal of the suit operated as a breach of the condition to prosecute the appeal with effect.

But, *held*, that the failure to prosecute, &c., could not entitle the obligee to more than nominal damages, unless special damages, arising immediately from the breach, were alleged in the complaint and proved on the trial.

*Held*, also, that an instruction of the Court, that the measure of damages should be the amount of the judgment described in the transcript, with interest from its date, was erroneous.

*Monday,*
*December* 10.

APPEAL from the *Delaware* Circuit Court.

DAVISON, J.—Debt by *Andrews* against *Reeves* and *Amprister* on two appeal bonds. The declaration contains two counts, one on each bond. As the same issues are made to each count, and the questions raised on the trial of each were similar, the second count will not be further noticed. The first, then, is on an appeal bond, executed to *Andrews*, the plaintiff below, by *Amprister*, with *Reeves* as his surety, who were the defendants. It was in the penalty of 80 dollars, conditioned in the usual form—"that the appellant will prosecute his appeal with effect, and without unnecessary delay, and pay the full amount of the condemnation money and costs which may be adjudged against him in the Circuit Court."

It is alleged that *Amprister* had sued *Andrews*, before a justice of the peace, upon a demand of 50 dollars, against which *Andrews* filed his account in set-off. The justice tried the cause, and gave judgment in favor of *Andrews* for 52 dollars, from which *Amprister* appealed to said Court, and, upon such appeal, executed the bond in suit.

Two breaches of said condition were assigned: 1. That *Amprister* wholly failed to prosecute said appeal with effect and without unnecessary delay. 2. That at the first term of the Circuit Court after the appeal, *Amprister*, on motion of counsel, dismissed the entire case, and the appeal with it, by means whereof *Andrews* sustained damages to the amount of 75 dollars. There was a demurrer to each breach, which was sustained as to the first, but overruled as to the second. Issues being made, the cause was submitted to a jury, who found for the plaintiff on both counts 100 dollars.

A new trial was refused, and judgment was rendered on the verdict.

The plaintiff gave in evidence, on the trial, a transcript containing the judgment from which the appeal was taken, the appeal bond, and an entry on the order-book of the Circuit Court showing that the case appealed was in that Court, and that *Amprister* had dismissed the suit at his own costs, as alleged, &c. Thereupon the defendants offered to prove by competent testimony that at the time the judgment set out in the transcript was rendered, and when the present suit was commenced, *Amprister* was not in any manner indebted to the plaintiff. This evidence was offered in mitigation of damages, but the Court refused its admission. It appeared that *Amprister* had paid the costs before the justice, but the evidence does not show any amount of costs adjudged against him in the Circuit Court on the dismissal of the suit.

The evidence being closed, the defendants moved the Court to instruct the jury, that the only question for them to determine was, whether there had been a breach of said condition. If there had been, the plaintiff was entitled to nominal damages only, as no evidence had been produced to prove special damage. This instruction was refused. And the Court in its general charge told the jury, that the measure of damages would be the amount of the judgment described in the transcript, with interest from its date.

When a party against whom a judgment is rendered before a justice, appeals to the Circuit Court, and the appeal for any cause is dismissed, the effect of such dismissal must be to affirm the judgment below. While, however, the case remained in the Court to which it was appealed, it was, for the purposes of trial and final adjudication, there *de novo*, in the same condition as if, in the first instance, it had been commenced in that Court. Hence, the plaintiff, in a case thus in Court, has a perfect right to dismiss his suit, and would, moreover, have the right to institute a new action for the same cause. R. S. 1843, p. 732. There is, therefore, a material difference between the effect of dismissing an appeal and dismissing the suit. The

VOL. VII.—14

latter, in our opinion, is an avoidance of all the proceedings before the justice. To hold a judgment valid for any purpose when the suit in which it was rendered had been dismissed, would seem to involve an absurdity. This view being correct, it follows that the judgment set out in the transcript can not be regarded a proper measure of damages. Hence, the jury were not properly instructed.

But the appeal bond is still in force. Its condition recites that an appeal was taken, and the defendants are estopped from denying that fact. *Wood* v. *Thomas*, 5 Blackf. 553. It will be seen that the condition of the bond contains two stipulations: 1. To prosecute the appeal with effect and without unnecessary delay; and 2. To pay the full amount of the condemnation money and costs, which may be adjudged against the appellant in case judgment be given against him in said Court. By a failure to perform either stipulation, the condition is broken and the bond forfeited. Though *Amprister* had the right to dismiss his suit, yet the exercise of that right was no doubt a failure to prosecute with effect, within the intent of the contract; and the result of such dismissal was evidently a breach of the first stipulation. But the mere failure to prosecute with effect, &c., though it would authorize a suit on the bond, would not entitle the obligee to more than nominal damages, unless special damages, which are the immediate result of the breach, are laid in the complaint and proved on the trial. Here, then, the judgment from which the appeal was taken being no measure of damages, and there being no special damages either alleged in the count or proved on the trial, we think the plaintiff was entitled to mere nominal damages, and nothing more. Hence, the instruction moved by the defendant should have been given.

The judgment must be reversed.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*W. March*, for the appellants.

*T. J. Sample* and *D. Kilgore*, for the appellee.