Nov. Term,
1857.

BUTLER
v.
PARKER.

BUTLER *v.* PARKER.

An appeal may be taken from an award against the *Whitewater Valley Canal Company* more than thirty days after the date of the award.

The thirty days do not commence running until after the award is filed in the office of the secretary of the company—perhaps not until after it is recorded there.

As that canal runs through some five or six counties, it must be presumed, where the record is silent, that some time elapsed between the date of the award and the filing of it in the secretary's office.

*Wednesday,*
*December 2.*

APPEAL from the *Fayette* Circuit Court.

PERKINS, J.—Suit upon an appeal-bond. Demurrer to the complaint sustained, and final judgment for the defendant.

The complaint alleges "that on the 3d day of *August*, 1846, the plaintiff, having before that time received an award against the *Whitewater Valley Canal Company*, to-wit, on the 2d of *July*, 1846, for 575 dollars damages, occasioned by the construction, &c., from which said company had appealed, &c., made his bond," &c., a copy of which is set out.

The bond is dated the 3d of *August*, and recites that the company is "about to appeal, &c., from a certain award lately rendered in the office of the secretary of said company," &c.

The complaint further alleges, that on the appeal in the Circuit Court, judgment was rendered for the company, on the award, and that the judgment remains unpaid, &c.

The defendant demurred, because the complaint did not state facts sufficient to constitute a cause of action. He specified a great many particulars of insufficiency, most of which do not appear of record, being extraneous facts. No notice will be taken of them. The only one relied upon in argument is the second, which reads:

"The award, if any, was made on the 2d of *July*, 1846, and the bond was executed on the 3d of *August* next after, being more than thirty days after the award was made, and thus too late for an appeal. Hence, the bond is without consideration."

Counsel for the plaintiff contends that, admitting the appeal to have been taken too late, still as the complaint shows that the defendant had the full benefit of it in the Circuit Court, he is liable on the appeal-bond.   And further, that the objection as to time of taking the appeal, like that of the accruing of the cause of action under the statute of limitations, must, in all cases, be taken by answer, and not by demurrer.   But he denies that the appeal is shown to have been taken too late.   Agreeing with him, as we do, on this latter point, it is not necessary that we should express an opinion upon the two preceding.

The charter of the *Whitewater Valley Canal Company* is a public act, which the Court must notice.   That charter provides, in substance, in reference to damages, &c., such as are involved in this case, that arbitrators shall be appointed, and that they shall, 1. Make an award in writing.   2. That they shall render it in the office of the secretary of the company at *Connersville*.   It further provides that the secretary shall file the award, and copy it into a book, and that an appeal may be taken from such award, as from the judgment of a justice of the peace. *The Whitewater, &c., Co.* v. *Henderson*, 8 Blackf. 528. Now, the *Whitewater Valley Canal* extends through, and into, some five or six counties, the awards for damages to real estate in which must all be returned to the office of the secretary in *Connersville*.   Some time must elapse, necessarily, between the making of an award by the arbitrators, and the recording of it by the secretary; and the appeal is to be taken at least after the award is filed with the secretary—perhaps after it is recorded by him.   The thirty days for an appeal from the judgment of a justice, runs from the date of the entry of the judgment upon his docket.

The complaint, in this case, and the demurrer, both indicate the time when the award was executed by the arbitrators—the date of the award—but neither of them shows the time when it was filed and recorded by the secretary. Hence, the record does not show that the appeal was not

taken in time.    The cause assigned for demurrer does not exist.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, with leave to defendant to withdraw his demurrer and plead.

*J. D. Howland*, for the appellant (1).

*J. Ryman, S. W. Parker* and *J. C. McIntosh*, for the appellee.

(1) Mr. *Howland* cited the following authorities: That the demurrer does not come within any of the statutory causes. *Lane* v. *The State*, 7 Ind. R. 426.—*Collins* v. *Nave* [*ante*, 209]. The common-law doctrine is that the statute of limitations must be pleaded, although the declaration state the promise to have been made above six years before the title of the declaration. 2 Chit. Pl. 939, *in notis.*—1 Saund. 283, n. 2.—2 *id*. 63, n. 6.—Ang. on Lim. 312, 313. The analogy between the cases is strong. This case is also within the spirit of *Wood* v. *Thomas*, 5 Blackf. 553; *Reeves* v. *Andrews*, 7 Ind. R. 207. *Parker* v. *Henderson*, (1 Ind. R. 62,) has no application.

Suppose the appeal to have been taken after the expiration of the thirty days, &c., that irregularity might be waived; and it is waived if the appellee does not move to dismiss. *Maxam* v. *Wood*, 4 Blackf. 297.—*Dougherty* v. *Mason, id*. 432.—*Humble* v. *Williams, id*. 473.—*Thompson* v. *Wilson*, 1 *id*. 358. See, also, *Rock* v. *Gordon*, 6 Blackf. 192.

(2) Counsel for the appellee cited the charter of the canal company (Local Laws of 1841-2, p. 37, s. 11); R. S. 1843, p. 889; *Parker* v. *Henderson*, 1 Ind. R. 62; and denied the application of *Wood* v. *Thomas*, (5 Blackf. 553,) to this case.