### STANDARD ELECTRIC MANUFACTURING COMPANY v. TUTTLE ET AL.

[No. 10,546. Filed March 11, 1920. Rehearing denied May 27, 1920. Transfer denied January 5, 1921.]

APPEAL.—*Interlocutory Orders.—Receivers.—Time for Perfecting Appeal.—Statute.*—An appeal must be taken within ten days under §1289 Burns 1914, §1231 R. S. 1881, to entitle the aggrieved party to a review of the action of the court in appointing or refusing to appoint a receiver.

From Marion Superior Court (a1,746) ; *Linn D. Hay,* Judge.

Action for the appointment of a receiver by Roy Tuttle and others against the Standard Electric Manufacturing Company. From an order appointing a receiver, the defendant appeals. *Appeal dismissed.*

*Burke G. Slaymaker* and *H. C. Austill,* for appellant.
*L. H. Oberreich* and *J. M. Berryhill,* for appellees.

Statement by Dausman, J.—

This cause has been transferred to this court from the Supreme Court. The appellant is a corporation, and appellee Tuttle is a stockholder therein.

Tuttle instituted this proceeding for the sole purpose of procuring the appointment of a receiver for the corporation. The grounds on which the appointment of a receiver is asked are that the management of the corporation is incompetent, inefficient, and improvident; that the business is being conducted at a loss; that creditors are threatening to institute actions against the corporation on their claims, and are threatening to reclaim certain machines on which they hold vendors' liens; that one Applegate has a controlling influence and operates the corporation in a manner detrimental to the interest of the plaintiff and other stockholders; and that the corporation is insolvent. Following the allegations of the above facts, the complaint contains this significant averment: "Plaintiff avers that it is impossible for the present management of the defendant to rehabilitate the financial condition of the defendant and enable it to continue in business, and that it is imperative that this court assume charge and direction of the affairs and assets of said defendant and appoint a receiver therefor without notice to the defendant."

On January 25, 1918, the court appointed a receiver without notice. Subsequently the corporation appeared and filed answer in general denial. A trial was had, and on January 28, 1918, the court made the following finding and order:

"The evidence is concluded, and the court, being fully advised in the premises, finds for the plaintiff and against the defendant, and finds that it is to the best interest of defendant company that said receivership be continued. And the court further finds that the bond of said receiver should be raised to $30,000.00. It is therefore ordered by the court that the receiver heretofore appointed by the court in this cause be continued as receiver in this cause, and that his bond be raised to $30,000.00."

On May 28, 1918, the court overruled appellant's motion for a new trial. This is a vacation appeal and the transcript was filed July 12, 1918. The errors assigned are (1) that the court erred in appointing a receiver, and (2) in overruling the motion for a new trial.

Dausman, J., delivered the opinion of the court:

The general provision of the Code fixes 180 days as the period of time within which appeals may be taken from final judgments. §§670, 672 Burns 1914, Acts 1913 p. 65. But the Code contains also some special provisions concerning appeals. Section 1289 Burns 1914, §1231 R. S. 1881, provides that in all cases in which a receiver may be appointed or refused the party aggrieved may, within ten days thereafter, appeal from the decision on the application for a receiver without awaiting the final determination of the case.

To entitle the aggrieved party to a review of the action of the court in appointing or refusing to appoint a receiver the appeal must be taken within ten days. *Vance* v. *Schayer* (1881), 76 Ind. 194; *Hursh* v. *Hursh* (1885), 99 Ind. 500; *Wabash R. Co.* v. *Dykeman* (1892), 133 Ind. 56, 32 N. E. 823; *Daugherty* v. *Payne* (1911), 175 Ind. 603, 95 N. E. 233; *Lewis* v. *Nielson* (1911), 176 Ind. 414, 96 N. E. 145.

Because of its inherent nature an order by which a receiver is appointed is not a finality. It is essentially interlocutory. The fact that the only purpose of this proceeding was to procure the appointment of a receiver does not make the order a final judgment. Indeed, such orders are not judgments. Receivers are usually appointed in cases of emergency. Therefore, the reasons for the existence of the special provision of the Code, evidenced by §1289, *supra,* are not difficult to discover. In such cases the party aggrieved must act promptly.

However erroneous the action of the court in appointing a receiver may have been, we have no jurisdiction to review it, since no appeal was perfected within ten days thereafter. The attempted appeal is dismissed. Remy, J., not participating.