PIERSON, RECEIVER, *v.* REPUBLIC CASUALTY COMPANY.

[No. 25,566. Filed February 15, 1928. Rehearing denied October 31, 1928.]

*Watson & Esarey* and *Joseph Collier*, for appellant.
*Charles E. Henderson*, for appellee.

TRAVIS, J.—This is an action in damages by appellant against the appellee founded upon a breach of a *supersedeas* bond executed and filed by the appellee as surety for the Standard Electric Manufacturing Company as principal. This bond was given to stay the judgment of the trial court, as stated in the bond, pending the appeal in the case where Roy Tuttle, who was a stockholder of the principal of this bond, against the principal, in the case wherein he, as plaintiff, asked that a receiver be appointed without notice for the Standard Electric Manufacturing Company. A receiver was appointed. *Standard Electric Mfg. Co.* v. *Tuttle* (1920), 74 Ind. App. 559, 126 N. E. 438.

The matter of confirming the appointment of such receiver without notice was heard January 29, 1918. The court then ordered that the receiver theretofore appointed without notice be continued. February 7, 1918, the defendant in that suit filed a motion to set aside and vacate the "finding and judgment and decree" appointing a receiver, which motion was overruled by the court February 23, 1918. The court, by its order made June 26, 1918, directed the receiver to sell certain property of the defendant company in that suit. Pursuant to the order to sell, the receiver fixed the date July 15, 1918, for the sale of the property, and gave notice of such sale. The defendant, Standard Electric Manufacturing Company, filed a transcript of the record with the clerk of the Supreme Court July 12, 1918, and perfected an appeal to the Supreme Court from the order of the trial court appointing the receiver. On the same day that such appeal was perfected, the appellant,

Standard Electric Manufacturing Company, petitioned the Supreme Court to grant a writ of *supersedeas*. The writ of *supersedeas* was ordered upon the filing by the appellant of a bond as provided by law. The clerk fixed the amount of the bond; the bond, which is the foundation of the suit at bar was filed with and approved by the clerk. The writ was certified by the clerk of the Supreme Court.

Pursuant to the writ of *supersedeas*, the receiver did not sell the property, as ordered by the court, and as advertised to be sold on July 15, 1918, by the receiver; and did not sell the property until February 7, 1921, the appeal having been finally determined January 5, 1921 (74 Ind. App. 559). The property was sold to the best bidder for $16,000, which sale was approved by the court. The cause so appealed was transferred by the Supreme Court to the Appellate Court. The foregoing facts were stipulated by the parties as evidence. The receiver, as a witness in this case, testified that the fair market value of property of the company for which he was the receiver, on July 15, 1918, and to September 15, 1918, was from $40,000 to $45,000. He, as receiver, held possession of the property, and was required to make expenditures for fire insurance and rent in the amount of $4,100. The Appellate Court disposed of that appeal as shown by its opinion, cited *supra*.

The trial court in the receivership case directed the receiver to prosecute this action upon the bond, which was provided by the writ of *supersedeas*.

The case was tried upon the issue made by general denial, and resulted in a finding for defendant Republic Casualty Company, which was followed by judgment for defendant and for costs. Appellant's motion for a new trial, based upon insufficiency of the evidence to sustain the finding, and that the finding of the court is

contrary to law, was overruled. And upon this ruling the sole error assigned is predicated.

The first question in the case to be decided is that of the jurisdiction of this court and the Appellate Court of Indiana in the appealed case *Standard Electric Mfg. Co.* v. *Tuttle, supra;* for the appellee makes the proposition that the court on appeal had no jurisdiction of the subject-matter for the reason, as shown in the opinion in that case, that the appeal (if one at all) was from an interlocutory order confirming the appointment of a receiver without notice, and was not taken within ten days after the decision of the court appointing such receiver, from which appellee concludes that the Supreme Court was without jurisdiction; and that, because of such lack of jurisdiction, the bond given to comply with the *supersedeas* writ was void. The argument in support of this proposition is that the court did not have jurisdiction of the subject-matter of this particular appeal. That is not a correct premise upon which to base a conclusion that the Supreme Court did not have jurisdiction of the subject-matter of the class of cases upon appeal, in which class the appeal at bar belongs. The law is well settled in Indiana, as in other states, and as it applies in federal jurisdiction, that jurisdiction of the subject-matter of actions at law does not mean simply jurisdiction of the particular case then occupying the attention of the court, but jurisdiction of that class of cases to which the particular case under consideration belongs. *Coleman* v. *Floyd* (1892), 131 Ind. 330, 31 N. E. 75; *McCoy* v. *Able* (1892), 131 Ind. 417, 30 N. E. 528, 31 N. E. 453; *Yates* v. *Lansing* (1810), 5 Johns. (N. Y.) 282; *O'Brien* v. *People* (1905), 216 Ill. 354, 75 N. E. 108, 108 Am. St. 219, 3 Ann. Cas. 966.

It must be conceded that the Supreme Court had jurisdiction in appeals from decisions of trial courts ap-

pointing a receiver. §1302 Burns 1926. The action in that case (*Standard Electric Mfg. Co. v. Tuttle, supra*) was for the appointment of a receiver and the record, so far as shown by the opinion of the Appellate Court (74 Ind. App. 559), disclosed that the action of the trial court proceeded only to the appointment of a receiver without notice and the confirmation of the order upon a hearing; and the further order of the court, as shown by the record in this case, which directed the receiver to sell the property of the Standard Electric Manufacturing Company. Therefore, we hold that this court and the Appellate Court, by virtue of the order of transfer of the appeal, had jurisdiction of the subject-matter of the appeal in the case in which this court granted a writ of *supersedeas*, which was followed by the bond in question at bar; and that such courts on appeal had jurisdiction in this cause by virtue of such general jurisdiction until divested for some particular reason, upon consideration of the appeal. This brings us to the question of the validity of the bond.

Appellee's principal in the bond was the moving party to secure the writ of *supersedeas* which was issued. It secured the benefit sought in staying the order or judgment and all other proceedings in the trial court, which stay continued for more than two years, by virtue of the writ. The bond was issued upon the order and judgment of this court, which order and judgment were based upon the application of appellee's principal. The consideration for this bond is the writ of *supersedeas*, not the order or judgment of the trial court. The damage done, if any, to appellant, was because of, and must be based upon, the writ of *supersedeas*, not upon the order or judgment by which the receiver was appointed. The receiver was duly appointed, and he duly qualified as such officer, which ap-

pointment and qualification were based upon a valid order, and is in full force and effect, in so far as concerns the case at bar. The parties so stipulated. The receiver, thus being legally appointed, might have sold the property of the estate in receivership more than two years before it was sold had his authority and action not been stayed by the writ. And, although such property may have been of no greater sale value at the date of the order of sale or of the date of the sale as fixed by the receiver, yet the estate suffered the indebtedness for rent and fire insurance premiums to the extent of $4,100, which is not disputed, which loss is greater than the bond can compensate. The bond is a valid obligation in so far as the question of its consideration is concerned. If the consideration of the bond were as contended by appellee, and the rule of law based thereon as contended, a party could play fast and loose with the court by applying for and having granted the writ, and thus stay and delay action, and profit by his own wrong. The obligors on an appeal bond are estopped to deny the effect of an appeal recited in the bond (*Reeves* v. *Andrews* [1855], 7 Ind. 207; *Wood* v. *Thomas* [1841], 5 Blackf. [Ind.] 553). It has been held that a bond given to obtain a writ of *supersedeas* on a writ of error is binding though the writ is improvidently issued. *Campbell* v. *Harrington* (1902), 93 Mo. App. 315.

Appellant discusses the bond in question as though it were an appeal bond, as provided in appeals of this character (§254 of the Civil Code, §1302 Burns 1926), and that thereby this court has the power to reverse the case because the trial court erred in not changing the penalty of the bond from $1,000 to $30,000, inasmuch as a bond given by the receiver was $30,000. The bond is in no sense an appeal bond given pursuant to the section of the Civil Code last cited, but was given under authority of law, which provides for the

stay of execution and other proceedings in the court below upon an order issued by the Supreme Court, which shall be supported by the bond of the appellant who asks such stay. §702 Burns 1926. The amount of this bond was fixed by the clerk of the court and was approved by him upon presentation after its execution. The bond states the penalty definitely at $1,000. It is reasonable to believe that the surety at least executed the bond in the belief that the bond stated the limit of its obligation, and that it is justice to protect it in that legal presumption on its part, regardless of the fact that appellee is a surety for hire. The court did not err in refusing to grant a new trial for the reason that it refused to change the penalty of the bond from $1,000 to an amount equal to the bond given by the receiver.

Appellee makes the further proposition that the obligee in this bond is Roy Tuttle, appellee, in the appeal from the order appointing the receiver, *Standard Electric Mfg. Co.* v. *Tuttle, supra,* and that the appellee in this appeal, the surety obligor in the bond, is liable to no one but to Roy Tuttle specifically. Roy Tuttle was a stockholder of the Standard Electric Manufacturing Company and brought his suit to have a receiver appointed for that company by virtue of that relationship. The receivership, if established by the decision of the court, did not inure solely to stockholder Tuttle. It is difficult to conceive how one stockholder of a corporation could put the corporation into receivership for his personal and sole benefit. The action of the court in appointing the receiver was for the benefit of all the stockholders and all creditors of the company, and in no legal sense for stockholder Tuttle personally and solely, provided the action asking for a receiver was well grounded. The bond herein, given to hold the hand of the receiver and the trial court from proceeding further in the matter pending the action of this court, was

not to stay the orders of the court especially for stock-holder Tuttle, because he did not have the legal right to either force the company of which he was a stockhold-er into receivership, or to stay the hand of the court after doing so by appeal, for his own personal use and benefit. Hence the bond given to him as sole obligee was to protect the broad interest of those who would be affected by the action which he was taking and by the warrant of law to sustain that action and affect all stockholders by granting the thing asked—a receiver for the corporation. The receiver is the proper party plaintiff in instituting suit to compel the payment of the bond. *Everett & Dilley* v. *State* (1867), 28 Md. 190, 207.

For the reasons stated, it is the opinion of the court that the trial court committed error by overruling the motion for a new trial. It is the judgment of the court that the judgment of the trial court be reversed and cause remanded, and that the trial court grant appel-lant's motion for a new trial.