SPRINGER ET AL. *v.* GOSZTOLA.

[No. 16,617.   Filed May 27, 1941.]

274

*George Sands* and *Arthur F. Scheer,* both of South Bend, for appellants.

*Russell C. Kuehl* and *Louis E. Jackson,* both of South Bend, for appellee.

FLANAGAN, J.—On November 10, 1932, appellee, Irma Horvath Gosztola, recovered a judgment in the amount of $173.00 against the appellants, John Springer and Fred Springer, in the Justice of the Peace Court of Joseph W. Nyikos, Portage Township, St. Joseph County. On December 6, 1932, said appellants prayed an appeal to the St. Joseph Superior Court No. 1, and filed with the justice their appeal bond pursuant to statute, § 5-1003, Burns' 1933, Acts of 1852, ch. 1, § 65, p. 449, with appellants Vito Marino, Mary Marino, and Sam Berman as sureties, which bond was duly approved by said justice, who within twenty days thereafter duly certified and transmitted a complete transcript of the proceedings to the St. Joseph Superior Court No. 1, where it was docketed on December 23, 1932. There it remained until December 9, 1938, when the cause was dismissed by the St. Joseph Superior Court No. 1 for lack of prosecution.

This action was commenced on December 9, 1939, by appellee against appellants as principals and sureties on said appeal bond for alleged breach thereof for permitting the cause so appealed to be dismissed.' This cause was submitted to the court, which found for appellee against appellants in the sum of $271.05, and rendered judgment accordingly.

Appellants filed their motion for a new trial which was overruled, and that action of the trial court is the only error assigned on appeal. The reasons relied upon by appellants in their motion for a new trial are that: (1) The decision of the court is not sustained

by sufficient evidence; (2) is contrary to law; and (3) the damages awarded plaintiff are excessive.

The pertinent parts of the statute pursuant to which the appeal bond was given read as follows:

> "The appellant shall . . . file with the justice a bond . . . payable to the appellee, in a sum sufficient to secure the claim of the appellee and interest and costs, conditioned that he will prosecute his appeal to effect, and pay the judgment that may be rendered against him in the Circuit Court." Acts of 1852, ch. 1, § 65, p. 449, §5-1003, Burns' 1933.

Appellants contend that the phrase "prosecute his appeal to effect" has reference only to the *perfection* of the appeal, that appellants had no further duty to prosecute the cause of action in the Superior Court, and therefore its subsequent dismissal did not constitute a breach of the conditions of the appeal bond.

We cannot agree with this contention. After filing the appeal bond with the justice, appellants had nothing further to do in the *perfection* of the appeal; and therefore to give this phrase the interpretation placed upon it by appellants, would render that provision of the statute meaningless and a nullity. We think the plain intention of the Legislature was to put upon an appellant from the Justice of the Peace Court the burden of carrying forward the litigation to final defeat of his adversary in the court to which the action was appealed. Failure to so do, by permitting the cause to be dismissed for lack of prosecution, was a breach of the condition of the bond.

Our Supreme Court so construed a former statute which contained a similar provision. In the case of *Wood* v. *Thomas* (1841), 5 Blackford 553, wherein a similar appeal bond from a justice was involved, the court said:

"To prosecute a suit to effect means that it shall be prosecuted successfully to final judgment. If on a bond with a condition to prosecute a suit with effect, the suit be dismissed, or the plaintiff nonsuited, the condition is broken and an action will lie on the bond."

In the case of *Legate* v. *Marr* (1847), 8 Blackford 404, 405, an appeal was taken from a judgment of a justice of the peace and a similar appeal bond executed. After the appeal was perfected, but before trial in the Circuit Court, the appellant died. The court said:

"The condition of the bond was, that the appeal should be prosecuted with effect; that is, that it should be successfully prosecuted. It has not been so prosecuted; and the failure so to prosecute it was not owing to any fault on the part of the obligees."

The court then held that such failure to prosecute constituted a breach of the conditions of the bond.

The only damages alleged by appellee and sought to be proved were court costs adjudged against her in the sum of $13.85 upon the dismissal of the appealed cause by the St. Joseph Superior Court No. 1, and "loss of the judgment rendered in her favor in the Justice of Peace Court." The amount of recovery found by the trial court and for which judgment herein was rendered was determined by adding to the court costs of $13.85 adjudged against appellee upon the dismissal, the amount of the judgment rendered by the justice of the peace, to-wit: $173.00, with interest thereon at six per cent per annum, or $257.20.

The rendition of the judgment for court costs clearly resulted from the breach of the terms of the appeal bond and was properly recoverable.

However, the judgment rendered by the justice of the peace and the interest thereon was not a proper

element of damages. No such injury has resulted from the breach of the bond. The loss of the judgment rendered by the justice of the peace resulted from the appeal. It was then and thereby vacated. Appellees thereafter had only their original cause of action with security for payment upon obtaining a judgment thereon in the Superior Court. So far as the record discloses, at the time of the dismissal, appellee still had her cause of action, could prosecute it to judgment, and collect any judgment rendered. There is nothing in the record to disclose any injury to appellee's cause of action, to her prosecution thereof, nor to the collection of a judgment when rendered.

In the case of *Reeves* v. *Andrews* (1855), 7 Ind. 207, this same question was involved. The court said:

"But the mere failure to prosecute with effect, etc., though it would authorize a suit on the bond, would not entitle the obligee to more than nominal damages, unless special damages, which are the immediate result of the breach, are laid in the complaint and proved on the trial. Here then, the judgment from which the appeal was taken being no measure of damages, and there being no special damages either alleged in the count or proved on the trial, we think the plaintiff was entitled to mere nominal damages and nothing more."

Judgment reversed, with instructions to sustain appellants' motion for a new trial, and for further proceedings consistent with this opinion.

NOTE.—Reported in 34 N. E. (2d) 155.