SHIRK ET AL., TRUSTEES *v.* DAVIS, RECEIVER.

[No. 14,937. Filed July 1, 1936.]

*McAdams & Lincoln,* for appellants.

*Wildermuth & Force,* for appellee.

DUDINE, J.—The Glenn Park State Bank was closed December 26, 1930, and on that date the Firemen's Pension Fund of Gary, Indiana, had $6,625.43 on deposit in said bank.

This is an action instituted by appellants as Trustees of said Firemen's Pension Fund against appellee, Frank H. Davis, Receiver of said bank, seeking to have their claim for said deposit declared a preferred claim.

The issues were formed by a complaint in one paragraph and an answer in general denial. No questions are presented as to the complaint. It is not necessary that we discuss the complaint.

The cause was submitted to the court for trial and the court found for the appellee and rendered judgment

that "the plaintiffs take nothing on their petition sued on herein . . ."

A motion for new trial having been seasonably filed, it was overruled by the court and this appeal was perfected, the only error properly assigned being alleged error in overruling the motion for new trial.

Appellee contends that appellants' brief does not comply with the rules of this court and that the judgment should be affirmed because of the deficiencies in said brief. Appellants' brief is subject to criticism, but we hold that it shows at least a "good faith effort" to comply with the rules of this court, and, therefore, we have considered the merits of the appeal.

The only causes for new trial which are properly assigned and presented are:

1. The decision of the court is contrary to law.

2. The decision of the court is not sustained by sufficient evidence.

The evidence shows that on January 3, 1924, appellants deposited $5,000.00 in the bank on the certificate of deposit account. On August 11, 1924, appellants deposited $1,500.00 in the same account. The certificates of deposit were renewed from time to time, with accrued interest added until July 11, 1928, when the deposits represented by the last certificates were "continued" in a savings account.

One of the rules and regulations governing this savings account, as set out in the pass book issued to the Trustees, provided that the bank reserved the right to demand and have a sixty day notice in writing as a condition precedent to withdrawal of funds. No withdrawals were made from the savings account before the bank closed.

Appellants contend that section 48-6505, Burns 1933, §11827, Baldwin's 1934 (section 10928, Burns 1926), gave the Trustees of the Pension Fund authority to in-

vest monies belonging to said fund, but limited such authority so that they were not authorized to invest the funds in any manner except in interest bearing bonds of the United States, or of the State of Indiana, or any bonds issued by any county, city, township or municipal corporation of this state, or any state, sewer or other improvement bonds of any city or town of this state.

Appellants contend further that the placing of said funds in the bank "for investment purposes" was contrary to said section 48-6505, Burns 1933, *supra,* and consequently said funds were impressed with a trust in favor of said pension fund and appellants' claim therefor should be preferred as against all general claims.

Appellees contend that the record does not show that the funds were deposited "for investment purposes" contrary to said statutes.

It is not necessary that we determine whether the transactions constituted an "investment" of the funds within the meaning of said statute; a trust was created and the funds became trust funds, *if* appellants were not authorized by law to enter into the deposit transactions, regardless of whether or not the transactions were "investments." *State ex rel. Symons, Bank Comm.* v. *Stultz, Rec.* (1935), 208 Ind. 543, 196 N. E. 873.

There were no withdrawal restrictions on the certificate of deposit account. The only difference between that account and a checking account was that deposits on certificate of deposit account earned interest "if left six months." Appellant retained all rights with reference to deposits on the certificate of deposit account which they would have retained on deposits on the general checking account. Sec. 48-6501, Burns 1933 (§11823, Baldwin's 1934) vested appellants with the duty and authority of "managing" said fund. It cannot be said that appellants were not authorized to deposit the funds in a bank on a checking account, and

certainly the mere fact that the funds were deposited in an account which provided for interest, did not make the deposit unauthorized by law. We hold therefore that no trust was created by the deposit of the funds in the certificate of deposit account.

Appellant contends a trust was created by the opening of the savings account, because the Board of Trustees of the fund were not authorized to deposit the funds in an account which was subject to the regulation that the bank reserved the right to demand and have a sixty day notice in writing as a condition precedent to withdrawal of funds.

Assuming, but not deciding, that a trust was created by the opening of said saving account (see *State ex rel. Symons, Bank Comm.* v. *Stultz Rec., supra*) and assuming further that said funds or part thereof was traced into the hands of the receiver, still we are of the opinion that appellants did not establish a basis for a preference of their claim, because the record does not show that the assets of the bank were augmented by the "trust funds."

It is now well settled in Indiana that, except as qualified by statutory enactment (see Chap. 40, Acts of 1933), in order to establish a preferred claim against the receiver of a bank, based on a trust, it is not sufficient to merely show the trust relationship, but an augmentation of the assets of the bank by the trust funds must be shown, and the trust funds must be traced into the hands of the receiver. See *Rottger* v. *First National Bank of Lafayette* (1934), 98 Ind. App. 139, 184 N. E. 267; *Rottger* v. *Delta Delta Delta Realty Corp.* (1934), 98 Ind. App. 680, 184 N. E. 412.

In the instant case the assets of the bank were not changed by the "continuance" of the certificate of de-

posit account in the savings account. The banking transactions consisted merely of the surrender and cancellation of the last certificates of deposits, and the opening of a savings account in lieu thereof.

The trust, if any, was not created until the savings account was opened. No money was deposited at that time and none was deposited in said account thereafter, hence there was no augmentation of the assets of the bank by the "trust funds" which are the basis of appellants' claim. "In order to establish a preferred claim, the claimant must show that the funds of the bank were actually augmented *by the transaction under which he claims his priority*" (our italics). *Mark v. Westlin* (1931), 48 Fed. (2d) 609. In the instant case appellants' claim of preference is based on the opening of a savings account, and in order to establish their claim the burden was upon them to show that the funds of the bank were *actually increased* by the opening of the savings account. The record does not show that; on the contrary the record shows conclusively that the assets of the bank were not increased when the savings account was opened. See also *Sanders v. Stevens* (1931), 51 Fed. (2d) 743; *Farmers National Bank v. Pribble* (1926), 15 Fed. (2d) 175.

We hold that the decision of the court is not contrary to law. No reversible error having been shown, the judgment is affirmed.

Curtis, J., not participating.