LENCIONI ET AL. *v.* FOLK, RECEIVER, ET AL.

[No. 16,553.   Filed October 22, 1941.]

*Carl A. Huebner,* of Hammond (*Peden, Melaniply, Ryan & Andreas,* of Chicago, Illinois, of counsel) for appellants.

*L. L. Bomberger, Glenn D. Peters* (*Bomberger, Peters & Morthland,* all of Hammond, of counsel) for appellees.

STEVENSON, J.—The appellants filed a petition in the Lake Superior Court, in the matter of the receivership of the First Trust & Savings Bank of Hammond, Indiana, by which petition they sought the specific performance of a contract, a copy of which was set forth in said petition. This petition also prayed for an order of preference against the receivership on a claim of $27,500.00, as against general creditors in the event specific performance of the contract was denied.

It appears from the allegations of the petition that, on the 2nd day of July, 1926, Elia Baralli and Elisa Baralli, his wife, and Alfredo Morelli and Emma Morelli, his wife, were the owners of certain real estate, in the City of Hammond, Indiana, on which

there was a mortgage to the First Trust & Savings Bank of Hammond, Indiana, securing the payment of certain bonds totaling $30,000.00. These bonds bore interest at seven per cent per annum, and became due and payable at stated intervals, covering a five-year period. The petitioners further alleged that the owners of this real estate requested a loan of $35,000.00 from the appellants, which loan the appellants agreed to make; and, which loan was to be secured by a first mortgage on the real estate described.

In order to pay the outstanding mortgage held by the First Trust and Savings Bank of Hammond, Indiana, a contract was entered into by and between the parties on the 7th day of December, 1928, by the provisions of which $27,500.00 was paid over to the First Trust and Savings Bank of Hammond, Indiana, to be held by it for the purpose of redeeming the outstanding bonds secured by its mortgage.

As soon as these mortgage bonds were redeemed, the First Trust and Savings Bank of Hammond, Indiana promised and agreed to release its mortgage. This contract so entered into reads as follows:

"This is to certify that the First Trust & Savings Bank of Hammond, Indiana, has this date received from Julius Lencioni and Kalla Lencioni the sum of Twenty-Seven Thousand Five Hundred ($27,500) Dollars, to be held by it in trust for the purpose of redeeming bonds on the following described property, which bonds are due and payable after January 1, 1929:

Lot thirty-six (36) and the West one-half (W½) of lot thirty-seven (37) in block one (1) of the Original Town (now city) of Hammond, Lake County, Indiana;

that said bonds are secured by a mortgage on the above described property, dated July 2, 1926, signed by Elia Baralli and Elisa Baralli, his wife, and Alfredo Morelli and Emma Morelli; that said

bonds are now in the hands of divers persons in the Calumet Region; that the said First Trust & Savings Bank agrees to redeem the outstanding bonds secured by the above mortgage as fast as they are presented and will use its best efforts to redeem same at its earliest convenience; that as soon as said bonds are all redeemed, the First Trust & Savings Bank will release said mortgage now on said above described property, which mortgage is recorded in Mortgage Record 254, page 227, of the records of Lake County.

"The First Trust & Savings Bank agrees to invest the Twenty-seven Thousand Five Hundred ($27,500.00) Dollars in securities bearing six per-cent interest, which interest will be applied on the interest on the outstanding bonds, and Elia Baralli and Alfredo Morelli understand and agree to pay the deficiency interest due on all outstanding bonds.

"In Witness Whereof, the First Trust & Savings Bank has caused this instrument to be signed by David T. Emery, its Vice-President.

> "FIRST TRUST & SAVINGS BANK
> OF HAMMOND, INDIANA.
> BY: (Signed) DAVID T. EMERY,
> Vice-President.

"Dated at Hammond, Indiana, this 7th day of December, 1928.

"We have read the above instrument, which is dated December 7th, 1928, and we understand same and agree to its terms.

> "(Signed)  Baralli Morelli,
> (Signed)  By: E. Baralli,
> (Signed)  Julius Lencioni,
> By: Alfred L. Koenig."

The petition further alleges that appellants executed their contract with the owners of the real estate, and loaned them the sum of $35,000.00, and, pursuant to said agreement, paid over to the First Trust & Savings Bank of Hammond, Indiana, the sum of $27,500.00, "for the express purpose of holding the same in trust and using the same for the purpose of redeeming said

bonds outstanding under said loan so made by it to said mortgagors on the 2nd day of July, 1926." The petition then alleged that the First Trust and Savings Bank of Hammond, Indiana, has failed and refused to carry out the trust, and pay the mortgage bonds, and release the obligation, and charged that said money still remained in its possession.

The petitioners, accordingly, prayed that the court order a specific performance of the contract, or that the appellee be ordered to pay to these petitioners the sum of $27,500.00, with interest thereon, in payment and in satisfaction of this obligation.

To this petition, an answer was filed in general denial; and the case was submitted to the court for trial. The court, after hearing the evidence, found that the First Trust & Savings Bank of Hammond, Indiana had received from the petitioners the sum of $27,500.00, under the terms of the agreement of December 7, 1928; and that it had invested a part of said sum in Hammond Hotel & Improvement Co. Bonds, in the amount of $23,000.00; and in another first mortgage bond, in the amount of $1,000.00; and that $668.22 in cash remained in this trust account.

The court further found that the bank could not perform its undertakings under said contract, and ordered that the bonds purchased with the trust funds be surrendered to the petitioners, and that the petitioners should have a common claim against the receivership for the sum of $668.22.

Judgment was entered accordingly. Motion for new trial was filed and overruled, and this appeal has been perfected. The only error assigned in this court is the alleged error in overruling appellants' motion for a new trial. Under this assignment of error, the appellants contend that the evidence conclusively establishes

the existence of an express trust, under which the bank undertook to administer a cash fund of $27,500.00, left to it for a specific purpose. The appellants contend that the bank's failure to effect such specific purpose with such fund rendered the bank's estate liable for such sum as trustee for the benefit of appellants. The appellee, on the other hand, contends that where trust funds have been clearly traced into specific assets of an insolvent, a preference claim cannot be asserted as a lien on any other asset of such insolvent. The appellee accordingly contends that the appellants are only entitled to recover the specific bonds in which the trust funds were invested.

In the light of these contentions, it is necessary for us to review briefly the basis and theory upon which the law grants a right to follow trust funds. Generally speaking, a trust presupposes a right in property. The rule has been announced in Am. Jur., Vol. 7, Banks, § 787, as follows:

"The right of a cestui que trust to follow his trust money or other property into the hands of the receiver of the insolvent trustee bank is based upon rights of property. The theory is that the funds are still the property of the cestui que trust, whether in their original or in some altered or substituted form. This right to follow and recover trust funds or property is not based upon any relationship of debtor and creditor or upon a debt due and owing, nor does it rest on the ground of compensation for the loss of the property or fund. Neither is the right based on the theory of a preference arising by reason of the nature of the claim or the unlawful conversion of the property."

Generally speaking, where money or property is placed in the hands of a trustee for a specific purpose, such property is impressed with a trust, based primarily upon title to and right of ownership in the *cestui que* trust. Thus, where the *cestui*

*que* trust is seeking to establish a preference, growing out of such trust relationship, such claim must be predicated upon an underlying principle of a right in property.

As was said by the Supreme Court of Iowa, ". . . a preference can only exist where the title to the property has not passed. In other words, he who seeks to claim preference must be able to point out certain specific property, and say, 'That is my property, because I have a title thereto;' or, in case the property has been commingled so that he is unable to point out his identical property, if he yet can say and show that in the mass of property 'my property exists,' although incapable of specific identification, he is entitled to reclaim it. It is not in fact a question of preference or superior right over other claimants, but it is a simple proposition of recovery of property to which he holds title." *Leach* v. *Farmers Sav. Bank* (1927), 204 Iowa 1083, 1088, 216 N. W. 748, 65 A. L. R. 679.

This right to a preference, founded upon a trust, has been before our court many times in recent years; and we have frequently held that such a right is founded upon a right of property. In the case of *Rottger, Rec.* v. *First-Merchants Natl. Bank* (1934), 98 Ind. App. 139, 156, 184 N. E. 267, this court said:

"Appellee's right to a preference is not founded upon any unlawful conversion of the trust fund, but upon the right of property in the fund. That is to say, that the trust company has the property in its possession, either in its original or substituted form, that it remained in the assets of the trust company as the property of the beneficiary, resulting in the augmentation of the assets of such company. These facts must be alleged and, as a necessary sequence, must be proved by a claimant seeking a preference."

See also *Shirk et al., Trustees* v. *Davis, Rec.* (1936), 102 Ind. App. 313, 2 N. E. (2d) 797.

This same rule has been announced by our Supreme Court in the following language:

"If it be assumed that there existed a fiduciary relation between appellant and appellee's insolvent we understand the equitable rule applicable, to be that, if trust property, either in its original or substituted form, can be traced into the assets in the hands of the insolvent, or his assignee, the fiduciary may have a lien established or a preference decreed over the claims of the general creditors, although the identity of the trust fund is lost. But in such cases it must be made to appear that the trust property is actually represented in the assets." *Union Securities, Inc.* v. *Merchants Tr. & Sav. Co.* (1933), 205 Ind. 127, 139, 186 N. E. 261.

It has also been held that where the *cestui que* trust can trace the trust property into a specific fund or into a specific property, his claim can be enforced against such fund or property only. This rule has been announced as follows:

"It is indispensable to the maintenance by a cestui que trust of a claim to preferential payment by a receiver out of the proceeds of the estate of an insolvent that clear proof be made that the trust property or its proceeds went into a specific fund or into a specific indentified piece of property which came to the hands of the receiver, and then the claim can be sustained to that fund or property only and only to the extent that the trust property or its proceeds went into it." *Empire State Surety Co.* v. *Carroll County* (1912), 194 Fed. 593, 604.

The record in this case discloses that $27,500.00 was delivered to the First Trust and Savings Bank of Hammond, Indiana, by the appellants to be used for a specific purpose, as evidenced by the agreement heretofore set out. As a part of this agreement, the First Trust

and Savings Bank of Hammond, Indiana, was authorized to invest this trust fund in securities bearing six per cent interest. The record discloses and the court found that bonds of the Hammond Hotel and Improvement Company to the extent of $23,000.00, and a first mortgage bond of Harry Levin et al. in the sum of $1,000.00 were purchased by the First Trust and Savings Bank of Hammond, Indiana, with part of the moneys left with it in trust. These bonds were held by it pursuant to the trust agreement at the time appellee was appointed receiver, and $668.22 in cash remained in this trust fund. The appellants have, accordingly, succeeded in tracing their trust fund into these specific items of property; and this specific property which consisted of the bonds, the trial court awarded to the appellants. The appellants here contend that these bonds are not their property, and insist that the $24,000.00 invested therein should now be paid to them out of other moneys which came into the hands of the receiver.

In order for us to reach this conclusion, the appellants would have us find that the evidence conclusively establishes that these specific bonds were not purchased with any part of the $27,500.00 originally left with the First Trust and Savings Bank of Hammond, Indiana, in trust. The court, after hearing the evidence, found against the appellants on this contention; and, since there is evidence to support the court in this finding, we are bound thereby. It is our opinion, therefore, that the appellants, having traced these trust funds into these specific items of property, cannot now disclaim them and establish their claim as preferred out of other assets in the hands of the appellee. To permit them to do so would be to disregard the very

basis of the property right upon which their claim to preference rests. The trust funds with which these bonds were purchased were the funds of the appellants. The bonds, in legal effect, represent these funds in a substituted or altered form. They are the appellants' property. It follows, therefore, that appellants' claim to preference can be sustained as to these bonds only.

It is apparent from what we have said that the appellants are also entitled to assert their claim for preference against the $668.22 in cash which remained in this trust fund. The court found that this was specific money which remained in the trust account, and which money was the property of the appellants. It follows from the rules above announced, that the appellants, having succeeded in tracing their trust funds into this specific cash item, which item came into the hands of the appellee at the time of his appointment, are entitled to have their claim preferred as to this amount. The court was accordingly in error in allowing the appellants' claim as a common claim against the receiver for $668.22.

The appellee contends that the evidence in this case is not properly before this court for the reason that the bill of exceptions containing the evidence is not shown to have been filed in the clerk's office after its approval by the trial court. The record discloses that the appellants, on the 13th day of November, 1939, and within the time allowed by the court, presented to the judge their bill of exceptions, containing the evidence given in said cause, and asked that the same be approved and made a part of the record in said cause. The record further discloses that on the 17th day of November, 1939, the trial judge approved said bill of exceptions in the following language: "Said Bill of Exceptions is now approved, signed, sealed and

made a part of the above record herein as Petitioners' Bill of Exceptions No. 1." Following this order book entry, the bill of exceptions is set forth in the record; and at the close of the bill of exceptions appears the judge's certificate, which also recites that said bill of exceptions was approved in open court, signed, sealed, and made a part of the record in said cause. It is our opinion that this record is sufficient to show that the transcript of the evidence was presented to the court within the time allowed for filing and was signed by the judge and ordered made a part of the record in open court.

These facts all appear in the clerk's order book entry, and it is our opinion that this is a sufficient compliance with the statute governing original bills of exceptions on appeal. § 2-3111, Burns' 1933. See also *Hull* v. *Louth, Guardian* (1886), 109 Ind. 315, 10 N. E. 270. It is our opinion that the bill of exceptions is properly in the record in this cause.

For the reasons stated, the judgment of the trial court is affirmed in part and reversed in part, and the trial court is now ordered to correct its judgment to the end that the appellants shall be awarded title to the bonds described in the judgment of the court, and that the $668.22 shall be allowed to the appellants as a preferred claim over and above the claims and demands of general creditors.

The trial court is now ordered to correct its judgment in accordance with this opinion, and, when so done, the judgment of the trial court is affirmed.

NOTE.—Reported in 36 N. E. (2d) 980.