KNAPP *v.* NORTHERN TRUST & SAVINGS BANK
OF HAMMOND ET AL.

[No. 16,988. Filed January 30, 1943.]

657

*Dominic P. Sevald* and *Mariann K. Sevald,* both of Hammond, for appellant.

*Glenn D. Peters,* of Hammond (*Bomberger, Peters & Morthland,* of Hammond, of counsel), for appellees.

ROYSE, J.—Appellant filed a petition in the Lake Superior Court against appellee seeking to have an alleged claim for $1,425.00 allowed as preferred. The court found against appellant. Judgment was entered accordingly. Motion for a new trial was duly filed and overruled by the court. The only error assigned in this court is the overruling of the motion for a new trial.

Appellant in his brief correctly asserts that the only issue to be determined here is whether his claim should have been allowed as preferred.

The petition, omitting the formal parts, was as follows:

"Hammond National Bank and Trust Company of Hammond, Indiana, as guardian of Irene

Szustek, Charles Szustek and Olga Szustek, Minors, pursuant to order of Court made and entered this 21st day of September, 1931, in the guardianship matter of the above minor children, which is Cause No. 730, Lake Superior Court, by way of claim against the Northern Trust and Savings Bank of Hammond, Indiana, shows as follows:

"That the Northern Trust and Savings Bank of Hammond, Indiana, has been, to-wit: on the 19th day of December, 1921, duly appointed and qualified guardian of the above minor children and their estate in Cause Number 730, of the Lake Superior Court, Room Number One; that afterwards, some time prior to November 1st, 1928, said Northern Trust and Savings Bank of Hammond, Indiana, as such guardian, received of certain insurance companies, the names of which are unknown to this claimant, the sum of Fourteen Hundred Twenty-five ($1,425.00) Dollars, which sum represented the benefits of certain life insurance of the father of said minor children and in which insurance policies said minor children were the beneficiaries; that said Northern Trust and Savings Bank of Hammond, Indiana, as guardian, has never reported to the Court the receipt of said money for the benefit of said minor children, and subsequently on or about November 1, 1928, invested said money in real estate bonds which are secured by a second mortgage upon real estate located in Cook County, Illinois, and which real estate is described as follows:

Lot Twenty-nine (29), Block Four (4), in Car Shops Subdivision of Hegewisch, Cook County, Illinois;

that said Northern Trust and Savings Bank of Hammond, Indiana, by its president has made said investment without leave or authority of Court; that said investment was first discovered by your guardian after it has been appointed guardian of said minor children; that by virtue of the facts aforesaid, said investment made by said guardian was unlawful, and said Northern Trust and Savings Bank of Hammond, Indiana, as guardian of said minor children still holds said money in trust for said children.

"WHEREFORE, Hammond National Bank and Trust Company of Hammond, Indiana, as guardian, prays the Court, that said sum of Fourteen Hundred Twenty-five ($1,425.00) Dollars, plus legal rate of interest from December 19th, 1921, be allowed as a preferred claim, and that the receiver of the Northern Trust and Savings Bank of Hammond, Indiana, be ordered to pay to your guardian said sum of money in cash, and that this Court may make such an order as it sees fit and proper with reference to said bonds now in possession of your guardian, and for such other and further relief as to the Court may seem proper."

The case was submitted to the court on an agreed statement of facts which were substantially as follows:

The Northern Trust and Savings Bank of Hammond, Indiana was on the 19th day of April, 1921 appointed administrator of the estate of Charles Szustek, who died intestate, leaving as his sole heirs his widow and three minor children, Irene Szustek, Charles Szustek and Olga Szustek. The minor children inherited from their deceased father $1,425.33. On December 19, 1921 the said Northern Trust and Savings Bank of Hammond was duly appointed and qualified as the guardian of said minors. It paid to itself as such guardian said $1,425.33 and issued its receipt as such guardian to itself as administrator of the estate of Charles Szustek. This receipt was filed with its final report as such administrator. As such guardian it never filed an inventory or in any other manner reported to the court the receipt of these funds. Thereafter, on November 2, 1928, this Trust Company as such guardian invested all of these funds in second mortgage bonds secured by a second mortgage on real estate in Cook County, Illinois. On the 10th day of September, 1930, the Northern Trust and Savings Bank was declared insolvent and put in the hands of a receiver, and David T. Emery was

appointed receiver. On October 14, 1930, this Trust Company was removed as guardian of said minors and the Hammond National Bank and Trust Company was appointed successor guardian. *Subsequently, the Northern Trust and Savings Bank, by its receiver, pursuant to an order of court, turned over and delivered to the successor guardian said second mortgage bonds. On September 21, 1931, pursuant to an order of the Lake Superior Court, the Hammond National Bank and Trust Company, as such successor guardian, filed a claim against the receiver of the Northern Trust and Savings Bank, seeking the allowance of a preferred claim in said sum of* $1,425.33. Subsequently, the Hammond National Bank and Trust Company was placed in the hands of a receiver and on May 25, 1932 was removed as such guardian. On May 27, 1932, Clement B. Knapp was appointed and qualified as successor guardian of said minors. The Hammond National Bank and Trust Company delivered the said second mortgage bonds to said Knapp as such successor guardian, and he was substituted as party plaintiff in this action.

The trust relationship between the parties being admitted, in order to be entitled to a preference of his alleged claim it is incumbent on the appellant to show that the trust property, either in its original or substituted form, is in the possession of the appellee, Receiver of the Northern Trust and Savings Bank. *Crowder, Rec.,* v. *Abbott* (1931), 203 Ind. 59, 178 N. E. 860; *Union Securities, Inc.,* v. *Merchants' Trust and Savings Co.* (1933), 205 Ind. 127, 186 N. E. 261; *McCabe et al., Exrs.* v. *Grantham, Admx.* (1941), 108 Ind. App. 695, 31 N. E. (2d) 658; *Lencioni et al.* v. *Folk, Rec., et al.* (1941), 109 Ind. App. 519, 36 N. E. (2d) 980.

It is clear from the record in this case that the funds

of the guardianship were invested in the second mortgage bonds by the Northern Trust and Savings ■ Bank as such guardian long before it was placed in the hands of a receiver. Pursuant to an order of the court which appointed said guardian, these second mortgage bonds were delivered by said Northern Trust and Savings Bank to its successor guardian, the Hammond National Bank and Trust Company, who in turn delivered said bonds to its successor guardian, the appellant herein, who now holds them. Neither the funds of the guardianship or the property substituted therefor are in the hands of appellee. Therefore the trial court did not err in overruling appellant's motion for a new trial.

The judgment of the Lake Superior Court, Room No. 1, is affirmed.

NOTE.—Reported in 46 N. E. (2d) 278.