### WARD v. BOARD OF COMMISSIONERS
### OF LAKE COUNTY ET AL.

[No. 25,366. Filed August 5, 1927.]

1. HIGHWAYS.—*Jurisdiction to establish or improve county highways.*— Boards of county commissioners have exclusive original jurisdiction in all matters involving the establishment or improvement of public highways in their respective counties. p. 472.
2. COURTS.—A court has jurisdiction of the subject-matter when it has jurisdiction of the class of cases in which the particular case belongs. p. 472.
3. HIGHWAYS.—*Duty of board of commissioners to determine sufficiency of remonstrance to road improvement.*—Where the sufficiency of a remonstrance against the improvement of a road under the "Three Mile Gravel Road Law" (§8388 Burns 1926) is raised, it is the duty of the board of county commissioners to determine the question. p. 472.

4. HIGHWAYS.—In determining the sufficiency of a remonstrance against the improvement of a highway, the board of commissioners acts judicially.  p. 472.

5. HIGHWAYS.—*Jurisdiction of board of commissioners, how shown.*— In a proceeding for the improvement of a highway before the board of county commissioners, it is not necessary that the record expressly show that the board made a finding of the facts necessary to give it jurisdiction, it being sufficient that the board acted upon the matter presented to it.  p. 472.

6. COURTS.—*Presumption as to the regularity of proceedings in inferior court.*—Where the record of an inferior court shows affirmatively or by necessary implication that it had jurisdiction of the subject-matter and of the parties to a proceeding before it, the same presumptions are indulged as to the regularity of the proceedings as are indulged in favor of the proceedings of a court of general jurisdiction.  p. 472.

7. COURTS.—*Lack of jurisdiction of inferior courts, how shown.*— In a proceeding attacking the jurisdiction of an inferior court, lack of jurisdiction must appear upon the face of the record and cannot be supplied by allegations of the pleader inconsistent with and contrary to the record.  p. 472.

8. COURTS.—*Collateral attack, sufficiency of complaint.*—In a collateral attack on a ruling or decision of a court, the complaint must not only show that the proceeding was irregular and the ruling or judgment unwarranted, but it must show that the ruling or judgment was absolutely void.  p. 473.

9. JUDGMENT.—*When inferior tribunal's judgment may be attacked collaterally.*—When an inferior tribunal is required to ascertain and decide upon facts essential to its jurisdiction, its judgment thereon is conclusive against collateral attack unless the want of jurisdiction is apparent on the face of the proceedings.  p. 473.

10. HIGHWAYS.—*Remedy of aggrieved taxpayer under "Three Mile Road Law."*—Under the express provision of the "Three Mile Gravel Road Law" (§8388 Burns 1926), any one aggrieved by the action of the board of commissioners in a proceeding thereunder may appeal to the circuit court of the county within ten days, and he can have no other remedy against such action.  p. 473.

11. INJUNCTION.—As a general rule, one court will not enjoin another tribunal from acting in a matter over which it has jurisdiction or where there is a right of appeal.  p. 473.

12. HIGHWAYS.—*Remonstrator cannot enjoin highway improvement because of alleged erroneous ruling on remonstrance.*—A remonstrator against the improvement of a highway under the "Three Mile Gravel Road Law," having a right to appeal from an adverse ruling on his remonstrance, cannot maintain a suit to enjoin further proceeding in the matter.  p. 473.

13. HIGHWAYS.—*Commissioners not required to order election as to
highway improvement after holding remonstrance insufficient.*—After
a board of commissioners has decided that a remonstrance to a road
improvement under the "Three Mile Gravel Road Law" (§8388
Burns 1926) is insufficient and dismissed the same, the law does not
require the board to order an election on the question of the im-
provement.  p. 474.

From Lake Circuit Court; *E. Miles Norton*, Judge.

Suit by Oliver P. Ward against the Board of County
Commissioners of Lake county and others to enjoin the
improvement of a highway under the "Three Mile
Gravel Road Law." From a judgment for defendants,
the plaintiff appeals. *Affirmed.*

*William J. Whinery*, for appellant.
*John W. Wake* and *Tinkham & Galvin*, for appellees.

PER CURIAM.—The appellant brought suit against the
appellees to enjoin them and each of them from proceed-
ing with the construction of a proposed highway in
North township, Lake county, Indiana. Appellees de-
murred to the complaint, which consisted of one para-
graph, on the ground that the complaint did not state
facts sufficient to constitute a cause of action. The
court sustained the demurrer. Appellant excepted and
declined to plead further. Thereupon, the court entered
final judgment that appellant take nothing by his com-
plaint. The appeal is from that judgment. The ruling
on the demurrer to the complaint is assigned as error.

The complaint contained the following allegations:
That on March 1, 1926, a petition asking for the road in
question was filed by Edward Simon and 162 others, as
petitioners, with the board of commissioners of Lake
county. Following the filing of the petition, proceedings
were had in accordance with the law commonly known
as the "Three Mile Gravel Road Law." On April 6,
1926, a remonstrance was filed to said petition by Elmon
E. Cole and 206 others, including the appellant; that the

remonstrance was signed by a greater number of freeholders and voters of said township than had signed the petition; that upon the filing of said remonstrance, the board of commissioners of Lake county was then and there deprived of jurisdiction to order said road improved without holding an election therefor to authorize the same; and was then and there required by law to dismiss the petition at the costs of the petitioners, and was then and there wholly without jurisdiction to proceed to order said road improved by reason of said petition. On April 26, 1926, the petitioners appeared before the board of commissioners and moved that the remonstrance be stricken out and held for naught for the reason that the remonstrance did not contain a greater number of legally qualified signers than the petition; that the board of commissioners unlawfully struck out same and unlawfully caused to be entered upon its records the following entry to wit:

> "Come now on the 26th day of April, 1926, the petitioners for the improvement of said Edward Simon, et al. road in North Township, by their attorneys, Tinkham and Galvin, and move that the remonstrance, heretofore filed against the improvement of said highway, be stricken out, disregarded, and held for naught, for the reason that said remonstrance does not contain a greater number of legal signers than the petition, i. e., freeholders and voters of said Township, County and State; And the said Board of Commissioners of the County of Lake and the State of Indiana, having heard the evidence, and being fully advised, finds for the petitioners, and that said remonstrance does not contain more legally qualified signers than the petition hereinbefore filed by said petitioners, and that said remonstrance is overruled and dismissed at the costs of said remonstrators, and held for naught";

that the board of commissioners unlawfully caused said entry to be made and entered of record on its minutes,

notwithstanding that said board and each member thereof then and there knew and had actual knowledge of the fact that the remonstrance was signed by a greater number of freeholders and voters of North township than had signed the petition; that the action of the board of commissioners in striking out the remonstrance was illegal and void and beyond the jurisdiction of the board; that the defendants Wallace, Crawford and Ainsworth had been appointed by the commissioners to view said road and report thereon; that the board of commissioners and other defendants had no authority to proceed further with the construction of said road; that the plaintiff was a taxpayer and that unless the defendants were enjoined from proceeding with the construction of said road, he would be greatly injured thereby and that he was without any adequate remedy at law save and except his suit to restrain and enjoin the defendants from further proceeding with the construction of said proposed highway under said petition.

Section 8388 Burns 1926, as to a remonstrance in a proceeding of the kind under consideration, provides as follows:

"Provided, That if, within twenty days after the day set for the hearing of said petition, there 'shall be filed with the board of commissioners, a remonstrance, signed by a greater number of the freeholders and voters of the township or townships to be affected by such petition than appear upon said petition, asking that said highway, three miles or less in length, shall not be opened and improved or improved as therein asked, then said board of commissioners shall not order said road improved and said petition shall be dismissed at the cost of the petitioners. But if no such remonstrance is filed, as above provided, said board may proceed to have said road constructed in all other respects as if submitted to an election and voted as hereinafter provided: Provided, That no person signing said

petition shall be counted on any remonstrance against such petition: Provided further, That any taxpayer of the county aggrieved by the action of said board may appeal from its decision to the circuit court of said county, within ten days, in the same manner as other appeals are taken from the action of such board, and said cause shall by said circuit court be tried *de novo*."

The complaint did not in any way question the jurisdiction of the board of commissioners as to subject-matter or persons concerned, up to the time of filing the remonstrance.

Boards of commissioners have exclusive original jurisdiction in all matters involving the establishment or improvement of public highways in their respective counties. A court has jurisdiction of the subject-matter when it has jurisdiction of the class of cases in which the particular case belongs. *Chicago, etc., R. Co.* v. *Sutton* (1892), 130 Ind. 405, 30 N. E. 291; *Larimer* v. *Krau* (1914), 57 Ind. App. 33, 103 N. E. 1102; *Waugh* v. *Board, etc.* (1917), 64 Ind. App. 123, 115 N. E. 356. The sufficiency of the remonstrance having been raised by the petitioners on the ground that it was not signed by a greater number of freeholders and voters of the township than the petition, it became the duty of the board to determine that question. The complaint shows by the entry made by the board that, in deciding thereon, it heard evidence and was fully advised. It was the duty of the board to decide whether the remonstrance was sufficient to stop all further proceedings, just as it was its duty to determine whether the petition for the improvement contained the requisite number of qualified petitioners. In making this determination, the board acted in a judicial capacity. It is not necessary that the record expressly show the board made a finding of the facts necessary to give it jurisdiction over the subject-matter; as it is sufficient that the board acted

upon the matter presented to it. Thornton, Commissioners Practice §338, and cases cited. Where the records of an inferior court and tribunal show, either affirmatively or by necessary implication, that such court or tribunal had jurisdiction of the subject-matter and of the persons, thereafter the same presumptions are indulged as to the regularity of the proceedings of such court or tribunal as are indulged in favor of the proceedings of courts of general jurisdiction. *Larimer* v. *Krau, supra.* Lack of jurisdiction must appear upon the face of the record and cannot be supplied by allegations of the pleader inconsistent with and contrary to the record. *Waugh* v. *Board, etc., supra.* In the instant case, the board of commissioners had jurisdiction to determine the sufficiency of the remonstrance; and upon finding it insufficient, the board had power to make the ruling which it then made.

In a collateral attack, the complaint must not only show that the proceeding was irregular and the judgment unwarranted, but it must show that such 8, 9. judgment is absolutely void. *Waugh* v. *Board, etc., supra.* When an inferior tribunal is required to ascertain and decide upon facts essential to its jurisdiction, its judgment thereon is conclusive against collateral attack, unless the want of jurisdiction is apparent on the face of the proceedings. *Baltimore, etc., R. Co.* v. *Freeze* (1907), 169 Ind. 370, 82 N. E. 761; *Larimer* v. *Krau, supra; Waugh* v. *Board, etc., supra.* The judgment of the board of commissioners was not subject to collateral attack.

The appellant, who was one of the remonstrators, had a right to appeal to the circuit court from the judgment of the board dismissing the remonstrance, as expressly provided in §8388 Burns 1926; part of which section so providing has been quoted herein. As a general rule, one court will not enjoin another tri-

bunal from acting in a matter over which it has juris-diction, or where there is a right of appeal. *Board, etc.*, v. *Dickinson* (1899), 153 Ind. 682, 53 N. E. 929; *Galey* v. *Board, etc.* (1910), 174 Ind. 181, 91 N. E. 593, Ann. Cas. 1912C 1099; *Meridith* v. *Crowder* (1924), 81 Ind. App. 221, 142 N. E. 876. In *Southern Ind. R. Co.* v. *Railroad Com., etc.* (1909), 172 Ind. 113, 119, 87 N. E. 966, this court said: "Nothing is better settled than, when the legislature specifically prescribes an adequate legal remedy, that alone is open to the litigant."

Appellant's remedy was by appeal and not by injunc-tion.

There was no reason for the contention that after the board of commissioners had decided that the remon-strance was insufficient and had dismissed same, it then became its duty to order an election on the question of the improvement.

The court did not err in sustaining the demurrer to the complaint. The judgment is affirmed.