310 N.E.2d 560 (1974)
CLARK COUNTY BOARD OF COUNTY COMMISSIONERS, Appellant (Defendant below),
v.
George T. KING et al., Appellees (Plaintiffs below), Clark County Plan Commission et al., and Clark County Board of Zoning Appeals, Appellees (Defendants below).
No. 1-373A51.
Court of Appeals of Indiana, First District.
May 8, 1974.
*561 Samuel A. Bradshaw, Charlestown, for appellant.
Robert H. Kempf, Jr., Robert L. Schnatter, Jeffersonville, for appellees, George T. King, Edith R. King and Liter's Quarry, Inc.
Samuel K. Gwin, Jeffersonville, for appellees, Clark County Plan Commission, and Clark County Board of Zoning Appeals.
LYBROOK, Judge.
Defendant-appellant Clark County Board of Commissioners appeals from the judgment of the trial court declaring the right of plaintiffs-appellees George T. King, et al., to quarry limestone on certain real estate without obtaining a permit from defendants.
The issues presented for review are:
1. Whether the trial court erred in concluding that the Plan Commission, Board of County Commissioners, and Board of Zoning Appeals lacked jurisdiction over the subject matter of plaintiffs' action.
2. Whether the trial court erred in concluding that plaintiffs were not estopped from pursuing the instant action by reason of their having previously appeared before defendant Board of Commissioners.
3. Whether the trial court erred in concluding that the real estate involved in the instant dispute is not located within an urban area as defined by relevant statute.
Title to the real estate in question is held by plaintiffs-appellees King in fee simple, subject to the rights of plaintiff-appellee Liter's Quarry, Inc., alienee of the limestone located thereon.
The Kings and Liter's Quarry initiated the present action in the Clark Superior Court seeking a judgment declaring that the Plan Commission, the Board of Commissioners, *562 and the County Board of Zoning Appeals lacked jurisdiction to regulate the quarrying of limestone on the subject realty.
Plaintiffs relied on IC 1971, XX-X-X-XX, Ind. Ann. Stat. § 53-759 (Burns 1964), which reads:
"Nothing in this act [§§ 53-701-53-795] shall be deemed to authorize an ordinance by law, rule or regulation which would prevent, outside of urban areas, the complete use and alienation of any mineral resources or forests by the owner or alienee thereof. For the purpose of this section, urban areas shall include all lands or lots within the limits of incorporated cities and towns and any other lands or lots used for residential purposes where there are eight [8] or more residences within any quarter mile square area and such other lands or lots as have been or are planned for residential areas contiguous to incorporated cities or towns."
Trial was held without the intervention of a jury, and pursuant to Ind.Rules of Procedure, Trial Rule 52, the court entered the following findings of fact, conclusions of law, and judgment:
"FINDINGS OF FACT
1. That George T. King and Edith R. King are the owners in fee simple of the real estate that is the subject of this action.
2. That Liter's Quarry, Inc., by reason of a real estate option is the alienee of the limestone located at said real estate.
3. That limestone is located at the real estate that is the subject of this action.
4. That limestone and crushed rock are mineral resources.
5. That the subject real estate and all adjoining properties within any quarter square mile area are not located within the boundaries of an incorporated city or town, nor contiguous thereto.
6. That there are not 8 or more residences located within any quarter mile square area on the subject property.
7. That plaintiff, Liter's Quarry, Inc., by and through its attorney, Robert L. Schnatter, appeared before the defendant Board of County Commissioners of Clark County, Indiana, on May 15, 1972 to request passage of an ordinance granting a change of zoning from agriculture to M-1 for the subject property, but prior to any action being taken thereon, the said Robert L. Schnatter, on behalf of plaintiff, Liter's Quarry, Inc., withdrew said petition and request and further the said County Commissioners have never since said date taken any action regarding said withdrawn request."
"CONCLUSIONS OF LAW
1. That the subject property is not located within an urban area as defined by Burns § 53-759.
2. The subject property and the intended use come within the prohibition set out in Burns § 53-759 and the complete use and alienation of the limestone at the subject property may not be prevented or controlled by ordinance, rule or regulation.
3. That the defendants have no jurisdiction over the subject matter of this action and the plaintiffs can not be estopped in this action by reason of filing a petition and appearing before the Clark County Plan Commission and appearing before the Clark County Commissioners."
"WHEREFORE, IT IS CONSIDERED, ORDERED, ADJUDGED AND DECREED that George T. King and Edith R. King as the owners of said subject real estate and Liter's Quarry, Inc., as the alienee of the plaintiffs King, have the right to use the subject property for the purpose of operating a limestone quarry and crushed stone operation without the necessity of obtaining a permit *563 from the defendants or from any other local government authority."
Initially, we note that the appellate briefs filed by the parties in this cause reflect a certain measure of misunderstanding with respect to the trial court's use of the phrase "jurisdiction over the subject matter of this action" in the third paragraph of its conclusions of law. We therefore deem it advisable to interpret and clarify the court's use of terminology prior to engaging in a determination of the contentions raised in this appeal.
In distinguishing the concepts of jurisdiction over subject matter and jurisdiction over a particular case the court in Farley v. Farley (1973), Ind. App., 300 N.E.2d 375 quoted as follows from 1 Wiltrout, Indiana Practice § 122:
"(1) Jurisdiction-Subject Matter. The subject matter of an action, when reference is made to matters of jurisdiction, means the nature of the action and the relief sought. If the court has jurisdiction of the class of actions to which the particular case under consideration belongs it has jurisdiction of the subject matter of the action. If the court does not have jurisdiction of the class of actions, the parties cannot confer such jurisdiction. The phrase `subject matter of the action' is sometimes used to refer to the thing involved in a particular case but such is not its meaning when used in the rule regarding jurisdiction. (original emphasis)
* * * * * *
"(3) Jurisdiction-Particular Case. Jurisdiction of the particular case is different than jurisdiction of the subject-matter, although occasionally the courts speak of jurisdiction of the subject-matter of the particular case. A court may have jurisdiction of the subject-matter, that is, of the general class of cases to which the particular case belongs, but not jurisdiction of the particular case. Jurisdiction of the particular case may be given by consent, either express or implied." (Our Emphasis.)
In our opinion, the court's conclusion is grounded in the concept of jurisdiction over a particular case rather than that of subject matter jurisdiction. This is apparent because the holding is contingent upon the factual determination of whether plaintiffs' realty is within an "urban area" as defined by § 53-759, supra. Cf. Tucker v. Sellers (1892), 130 Ind. 514, 30 N.E. 531.

ISSUE 1.
Appellant first submits that the trial court improperly construed § 53-759, supra. It is argued that while the statute may render defendants powerless to prevent the complete use and alienation of mineral resources outside urban areas, it does not deny to them jurisdiction to regulate or control said use in a manner consonant with general considerations of health, safety, and public welfare.
However, as appellees point out, appellant has waived consideration of this issue by failing to raise the question in its motion to correct errors. Ind. Rules of Procedure, Trial Rule 59(G); Yellow Manufacturing Acceptance Corp. v. Voss (1973), Ind. App., 303 N.E.2d 281; McAfee v. State ex rel. Stodola (1972), Ind., 284 N.E.2d 778. Therefore, the issue of whether the court improperly construed the first sentence of § 53-759 in framing its conclusion is not before this court. Likewise, appellant has waived the issue of whether plaintiffs should have been required to exhaust any available administrative procedures and remedies prior to initiating the instant action.

ISSUE 2.
Appellant next contends that the trial court erred in failing to conclude that plaintiffs were estopped from pursuing the instant action.
The record reveals that on May 15, 1972, Liter's Quarry, through its attorney, appeared *564 before defendant Board of Commissioners and requested passage of an ordinance rezoning the real estate in question from A-1 Agricultural to M-1 General Industry. However, the request was subsequently withdrawn prior to any action being taken thereon by the Commissioners.
The substance of appellant's argument is that plaintiffs waived consideration of the jurisdictional issue which they submitted for determination in the instant case by failing to raise the issue when they appeared before the Board of Commissioners.
It is conceded that as a general rule, questions of subject matter jurisdiction may be raised at any time. State ex rel. Standard Oil Co. v. Review Board, etc. (1951), 230 Ind. 1, 101 N.E.2d 60; Park Improvement Co. v. Review Board, etc. (1941), 109 Ind. App. 538, 36 N.E.2d 985. However, it is urged that the defendants were possessed of jurisdiction over the subject matter of the instant case and that the issue presented in this case merely turns upon jurisdiction over the particular case. To this extent, we must agree with appellant. Defendants clearly have jurisdiction to hear and determine cases of the general class with which the instant case is identified, whether that class be defined as planning and zoning in Clark County or the use of mineral resources generally. Within the general class, § 53-759 fashions a jurisdictional limitation in particular cases  viz., those involving the use of mineral resources outside "urban areas."
While questions of jurisdiction over a particular case may be waived, we cannot agree that plaintiff Liter's request that the Board act in its legislative capacity estopped them from initiating this action after that request was withdrawn. The instant case is distinguishable in two respects from the cases cited by appellant in support of its argument. Here, there has been no action taken by an administrative body acting in a judicial capacity. Moreover, there has been no agency decision to which plaintiffs' action could constitute an impermissible collateral attack.
At this point, we note that while appellant makes reference in its brief to an alleged appearance and petition by plaintiffs King before defendant Plan Commission, such tendered evidence was excluded by the trial court. Appellant offers no argument that the court erred in excluding this evidence. Therefore, we may not consider it in reaching our determination.
We therefore hold that the trial court was correct in concluding that plaintiffs were not estopped from initiating the instant action for declaratory judgment.

ISSUE 3.
Appellant finally contends that the trial court erred in concluding that plaintiffs' realty is not located within an urban area as defined by § 53-759, supra.
We construe the statute as providing three separate definitions of urban areas, these being: (1) all lands or lots within the limits of incorporated cities and towns; (2) lands or lots used for residential purposes where there are eight [8] or more residences within any quarter mile square area; and (3) lands or lots as have been or are planned for residential areas contiguous to incorporated cities or towns. We further construe the term "quarter mile square area" as defining a square one quarter of a mile or 1,320 feet on each side, rather than a square one half mile, or 2,640 feet on each side. In our opinion, this construction is more consistent with the apparent legislative intent to protect a property owner's right to use mineral resources located on his property.
By stipulation of the parties at pre-trial conference, definitions (1) and (3) above have no application to the facts in the instant case.
The trial court concluded that plaintiffs' property was not located within an urban *565 area as defined by § 53-759, supra. The conclusion apparently rests upon the court's finding that there are not eight or more residences located within any quarter mile square area on the subject property.
The nature of this finding, when compared with the exhibits and testimony thereto presented at trial, compels us to the conclusion that the court misconstrued § 53-759. The number of residences located on the subject property within any given quarter mile square area is not dispositive of whether all or any part of the property lies within an urban area. The identification of an urban area as defined by the statute bears no relationship to the boundaries of the subject property. Once an urban area has been defined, the position of the subject property becomes relevant for the determination of what part, if any, of the property falls within any established urban area. As to any part of plaintiffs' property which falls within a defined urban area, the statutory limitation on defendants' authority is inapplicable. However, the statutory limitation does apply as to any part of plaintiffs' property lying outside of any established urban area.
Therefore, upon remand, it must initially be determined if any of the subject property and the areas surrounding it, are urban within the statutory definition. Once the urban areas have been located and legally described, then the trial court must determine what part, if any, of plaintiffs' land falls within the defined urban areas.
This cause is affirmed in part, reversed in part and remanded to trial court for a determination as to whether any portion of plaintiffs' land falls within an urban area pursuant to the directions contained in this opinion. The court shall then enter appropriate judgment upon the findings.
Affirmed in part, reversed in part and remanded.
ROBERTSON, P.J., and LOWDERMILK, J., concur.