ANGEL L. RIVERA *v.* SIMMONS COMPANY.

[No. 476S107.  Filed April 15, 1976.]

Dissenting opinion on order dismissing petition for transfer to the Supreme Court of Indiana.

HUNTER, J.—The Court's action in granting the parties' stipulated dismissal of appellant's petition to transfer is disappointing. I dissent to the *unconditional* dismissal of this petition. It is clear beyond cavil that there exists a strong judicial policy to encourage litigants to settle their disputes out of court while the matter pends in court. It is equally clear that the strength of this policy diminishes as the case progresses through our judicial system. The case at bar, which the majority now dismisses, long ago passed through the trial stage where appellant's workmen's compensation claim was denied. On appeal, the case was remanded to the Industrial Board for further findings. *Rivera* v. *Simmons Co.,* (1973) 157 Ind. App. 10, 298 N.E.2d 477. When the case returned to the Court of Appeals, the decision of the Industrial Board was affirmed with each member of the Court finding it necessary to write an opinion on the issues raised by the appeal. *Rivera* v. *Simmons Co.,* (1975) Ind. App., 329 N.E.2d 39. Appellant then petitioned this Court for transfer. After hearing oral argument on appellant's petition, the majority of the Court voted tentatively to grant transfer. Such vote

does not imply that the decision of the Court of Appeals will in all cases be set aside, but it does indicate the Court's concern with the opinion of the Court of Appeals. When a case has consumed as much judicial time as the case at bar—time paid for by the taxpayers of this state—we should be reluctant to grant unconditionally a dismissal if the decision of the Court of Appeals raises substantial questions of law of great public importance.

Appellant suffered a back injury while doing what he had been doing for six years: lifting ninety-pound dies in the performance of his occupational duties. He had no pre-existing back condition. The legal issue presented by his claim for workmen's compensation was whether his injury was "accidental" as that term is used in the workmen's compensation law. In deciding that it was not, the Industrial Board and the Court of Appeals severely limited the scope of compensable injuries under the act. Workers in the steel mills of Gary, automobile plants of Indianapolis, and appliance factories of Evansville will all be affected by the decision of the Court of Appeals, which remains intact under this order of dismissal.

While the workers of the state will thus be saddled with the law resulting from appellant's appeal, it is interesting to note that appellant won't be. By stipulating to withdraw his petition for transfer, it is safe to conclude that the price exacted from the employer's insurance carrier for such agreement was an amount at least equal to that which appellant probably would have been entitled to recover under the workmen's compensation law.

The majority is apparently of the opinion that the foregoing question of law is snatched from us by the filing and acceptance of the parties' joint stipulation. If so, I believe the majority is mistaken. The effect of the stipulation is to render "moot" the parties' dispute. "Mootness" is, however, not an element of jurisdiction—it is an element of justiciability. The distinction is an important one. Without the jurisdictional element

of a case or controversy, any court is without power to render a decision. While the Indiana Constitution does not contain express "case or controversy" language, as does the federal constitution, the requirement is necessarily implied by virtue of separate articles in the Indiana Constitution establishing separate branches of state government. The case or controversy jurisdictional requirement is undoubtedly met in the case at bar. When jurisdiction is present, a reviewing court may nevertheless decide, in its discretion, not to review a particular case. This discretionary non-review has been dubbed "justiciability," see *Flast* v. *Cohen,* (1968) 392 U.S. 83, 88 S.Ct. 1942, 20 L.Ed.2d 947, and covers several grounds for non-review, including "mootness." *See generally City of Indpls.* v. *State Tax Comm'rs.,* (1974) 261 Ind. 635, 308 N.E.2d 868. When a case presents an issue of great public importance which becomes "moot" while the case is pending, federal courts may or may not review the case. *Compare Sosna* v. *Iowa,* (1975) 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532, with *Board of Sch. Comm'rs.* v. *Jacobs,* (1975) 420 U.S. 128, 95 S.Ct. 848, 43 L.Ed.2d 74. Our discretionary powers vis-a-vis moot questions are no less. There is nothing in Ind. R. Ap. P. 11 governing transfers which restricts our power to condition the dismissal of petitions to transfer. Indeed, the rule does not even mention the withdrawal of petitions to transfer.

I would accept the parties' settlement on the condition that jurisdiction over the case be retained to decide the merits of the issues framed, submitted and argued on appellant's petition to transfer.

NOTE.—Reported at 345 N.E.2d 227.