BOARD OF TRUSTEES OF THE TOWN (NOW CITY) OF NEW HA-
VEN, INTERNATIONAL HARVESTER COMPANY, UNITED STATES
RUBBER COMPANY, CLEVELAND GRAPHITE BRONZE, NEW YORK,
CHICAGO & ST. LOUIS RAILROAD ET AL. *v.* CITY OF FORT WAYNE.

[No. 578S91.   Filed May 19, 1978.   Rehearing denied August 3, 1978.]

*Arthur H. Fruechtenicht, Arthur W. Fruechtenicht,* of Fort
Wayne, *Robert J. Parrish,* of Fort Wayne, for appellant,
City of New Haven, *Milford M. Miller, C. Erik Chickedantz,*

of Fort Wayne, for appellants International Harvester Company, et al.

*David B. Keller, Lawrence E. Shine,* of Fort Wayne, for appellee.

PIVARNIK, J.—This cause comes to us on a transfer petition by appellant, the Board of Trustees of the Town (now City) of New Haven, and others, following an adverse ruling by the Court of Appeals, Third District. *Board of Trustees of the Town (Now City) of New Haven, et al.* v. *City of Fort Wayne,* (1977) Ind. App., 362 N.E.2d 855, *reh. denied,* (1977) Ind. App., 367 N.E.2d 1. That ruling followed a remand to the Allen Circuit Court after an earlier opinion in this cause by the Court of Appeals. *City of Fort Wayne* v. *Board of Trustees of the Town of New Haven,* (1971) 150 Ind. App. 519, 277 N.E.2d 38, *trans. denied.* The cause before us can be traced back to January, 1951, when New Haven filed an annexation petition with the Allen County Board of Commissioners. The Board of Commissioners granted this petition and the City of Fort Wayne, appellee herein, then appealed to the Allen Circuit Court.

Our decision here turns on two basic jurisdictional issues, both of which have become more complex in the hearings and reviews that have been had in numerous courts for over twenty-six years. It appears that neither issue is yet put to rest. These issues are: (1) did Fort Wayne have standing to bring an appeal to the Allen Circuit Court, so that a case or controversy existed at all? and; (2) did the Board of Commissioners of Allen County have subject matter jurisdiction? All other issues raised in this appeal depend on a resolution of these jurisdictional issues for the value. If Fort Wayne indeed had standing to bring the appeal, and the board had subject matter jurisdiction to make its determination, then all other issues require resolution. Finding a lack of such jurisdiction in either area, however, puts the entire cause to rest regardless of the potential resolution of many of the remaining issues.

In order to understand the two jurisdictional issues upon which our decision turns, a detailed examination of the history of this cause is necessary.

On January 5, 1951, the Board of Trustees for the Town of New Haven filed its petition to annex certain territory described therein with the Allen County Board of Commissioners. This annexation petition was granted by said board on May 9, 1951, following the presentation of extensive oral and written testimony.

Fort Wayne later attempted to appeal the board's annexation order to the Allen Circuit Court. On December 5, 1968, the Allen Circuit Court granted a motion for summary judgment in favor of New Haven and against Fort Wayne, and dismissed this attempted appeal. Next, the summary judgment order by the Allen Circuit Court was reversed by the Court of Appeals. That opinion in *City of Fort Wayne, supra,* 150 Ind. App. at 524, 277 N.E.2d at 42, stated as follows:

> "At the very least, there was a genuine issue of material fact as to whether the city of Fort Wayne had sufficient interest and sufficient aggrievement to permit it to appeal. Therefore, the trial court committed error in sustaining the motion for summary judgment and in dismissing the 'appeal.' The judgment must be reversed and the cause remanded.
>
> "On remand the court will be faced with many procedural and substantive problems some of which have been discussed in the briefs and oral argument."

Apparently to aid the trial court in its proceeding with this cause on remand, the Court of Appeals then went into a lengthy discussion of the procedural and substantive problems apparent in the cause. It is agreed by all the parties that the statements made by the Court of Appeals in this regard were dicta, as its decision had already been entered in regard to the summary judgment issue. In commenting on the question as to whether the land involved in the annexation by New Haven was platted or unplatted, the Court of Appeals made the following statement: "The Board of Commissioners of the

County of Allen had no jurisdiction to grant the petition for annexation filed by the Town of New Haven." *City of Fort Wayne, id.*, 150 Ind. App. at 534, 277 N.E.2d at 48.

Very shortly after receiving the above opinion from the Court of Appeals, the Allen Circuit Court on June 1, 1972, entered an order, without notice or hearing, declaring the order of the Board of Commissioners of Allen County null, void, and of no effect. The court then set aside the annexation petition of the New Haven Board of Trustees. The order of the Allen Circuit Court provides that the reason for his ruling is that he read the Court of Appeals opinion, and interpreted that opinion to provide that the Board of Commissioners in the County of Allen had no jurisdiction to grant the petition for annexation filed by the town of New Haven. The significant part of the trial court's decision was as follows:

"[T]his Court having carefully read said Decision finds that said Court of Appeals decided (1) 'The Board of Commissioners of the County of Allen had no jurisdiction to grant the Petition for Annexation filed by the Town of New Haven' and (2) 'The judgment of the trial court is reversed and the Cause remanded with instructions to deny Appellee's motion for summary judgment and for further proceedings not inconsistent with the views expressed herein.'

"Now in obedience to the instructions contained in the Decision of said Court of Appeals, this Court overrules the Motion for Summary Judgment filed by the City of New Haven and sustains the Petition of the City of Fort Wayne for the Court to find and declare the decision of the Board of Commissioners to be null and void."

On June 8, 1972, the City of New Haven filed its motion and petition to review, modify, amend and correct the judgment entered on June 1, 1972. New Haven's application for change of venue was also granted at this time, and this cause was venued to the Noble Circuit Court. New Haven titled its motion for review, modification, amendment, and correction of judgment as an Ind. R. Tr. P. 60 motion for relief from judgment, raising twenty points for correction. Various hearings were scheduled and rescheduled before the Noble Circuit

Court, and numerous briefs and memorandums were filed by all parties, during the next eight months. Briefs were essentially efforts on the part of all parties to inform the Noble Circuit Court of what kind of proceedings were required to take place, and of the issues to be considered in said proceedings. Among the hearings were attempts at holding a pre-trial conference, at which time additional legal questions would arise and the court would continue the pre-trial and request briefs from the parties in regard to the additional legal issue.

Fort Wayne then filed with the Court of Appeals a document entitled, "Verified Petition for Clarification and Enforcement of the Mandate Contained in the Court's Opinion Rendered, or in the Alternative, for a Writ of Mandate or Prohibition." Pursuant to this petition, the Court of Appeals issued an order on July 22, 1974, which was filed with the Noble Circuit Court on July 24, 1974, and which directed:

> "The parties are entitled to a hearing on the T.R. 60, *supra,* motion now pending before the Noble Circuit Court as provided in said rule.
>
> "The parties and the Noble Circuit Court, as was the Allen Circuit Court, are bound by the law of the case upon *all* questions decided by the Appellate Court in any subsequent stages of this cause after the rendering of the opinion of the Appellate Court and denial of transfer by our Supreme Court.
>
> "The Noble Circuit Court is therefore directed to conduct a hearing upon the T.R. 60, *supra,* motion now pending, as provided under said rule, and in such hearing, or any subsequent hearing, the same should be consistent and in conformity with the opinion of this court in *City of Fort Wayne* v. *Board of Trustees, etc., supra* (1971), 150 Ind. App. 519, 277 N.E.2d 38, 28 Ind. Dec. 473 (transfer denied)."

There were further attempts at holding and completing a pre-trial in this matter before the Noble Circuit Court. New Haven then filed its motion for amendment, in which it sought to amend the petition for annexation by excluding certain parcels of real estate located in the original annexation area.

This motion was overruled on the date of filing. On the same date, December 13, 1974, the Noble Circuit Court overruled the Ind. R. Tr. P. 60 motion of the City of New Haven. New Haven timely filed its motion to correct errors, which motion was overruled by the Noble Circuit Court. In support of the motion to correct errors, filed by the City of New Haven, affidavits were submitted presenting evidence outside the record. Included in these affidavits was one by the Honorable John C. Hagen, Judge of the Noble Circuit Court, which provided in part as follows:

"That on December 13, 1974, the Court without further proceedings or hearing overruled said Trial Rule 60 Motion and at the same time, denied and overruled the motion to amend the original petition for annexation filed by the Trustees of the Town of New Haven, now City of New Haven.

"That affiant further says that during the Pre-Trial Conference held on October 16, 1974 and also on November 1, 1974, the Pre-Trial Conference was limited to a discussion of the contentions of the parties and the necessity of ordering the City of Fort Wayne to answer the Interrogatories submitted by the City of New Haven and amendment of the original annexation petition; no Pre-Trial Order was suggested, prepared or signed; no Court Reporter was present at said Pre-Trial Conference and no evidence was offered, admitted or introduced by any of the parties."

On appeal to the Court of Appeals by New Haven, the Court of Appeals on May 16, 1977, in *Board of Trustees, supra*, 362 N.E.2d at 859, found as follows:

"In our prior decision, *City of Fort Wayne, supra*, we concluded after extensive consideration that the Allen County Board lacked subject matter jurisdiction to grant New Haven's petition for annexation. While the discussion of the issue was dicta in the context of that opinion, we now adopt it as the holding of this case. Accordingly, the grant of the petition was a nullity and we affirm this conclusion of the Allen Circuit Court.

"New Haven urges that before the Allen Circuit Court could notice the lack of subject matter jurisdiction of the Board it was required to determine the issue of Fort Wayne's standing to bring the appeal. We disagree. First, lack of

subject matter jurisdiction need not be raised by a party with standing to litigate the merits of an action. This defect may be raised upon motion of the court or even at the suggestion of an *amicus curiae*."

This most recent decision is now before us on review, on petition to transfer by New Haven.

An examination of the entire record and sequence of events, as set out above, discloses that the trial court has never made a determination of either of the basic jurisdictional issues involved. The two questions, of Fort Wayne's standing to bring the appeal to the Allen Circuit Court and of the subject matter jurisdiction of the Allen County Board of Commissioners, both depend upon factual issues. Yet, there has not been a hearing upon such facts by any trial court, and there has been no evidence offered or entered, and no finding of fact, judgment, or conclusion relevant thereto. We therefore grant transfer and set aside the opinion of the Court of Appeals.

Turning to the first jurisdictional issue, of Fort Wayne's standing to appeal to the Allen Circuit Court, we note that the Court of Appeals discussed this issue in its 1971 opinion. The court held that there was a genuine issue of material fact as to Fort Wayne's standing, and thus remanded the cause to the circuit court for such determination. However, no hearing was ever had in either the Allen Circuit Court or the Noble Circuit Court in regard to this issue. The resolution of this issue is determinative of the circuit court's having any jurisdiction to entertain any of the further issues in this cause. If Fort Wayne had no standing to bring the appeal to the Allen Circuit Court, then there was no cause before the trial court or, as we have titled it, "no case or controversy." The Court of Appeals was in error when it decided that the jurisdiction of the county board could be determined in spite of the standing of Fort Wayne to bring the appeal in the first place. No court can decide any issue if that issue is not brought before it in a procedurally proper way.

This court stated in *City of Indianapolis* v. *Indiana State Board of Tax Commissioners*, (1974) 261 Ind. 635, 638, 308 N.E.2d 868, 870 :

"Standing focuses generally on the question of whether the complaining party is the proper person to invoke the Court's power. However, more fundamentally, standing is a restraint on this Court's exercise of its jurisdiction in that we cannot proceed where there is no demonstrable injury to the complainant before us. Indeed, absent a 'case or controversy', we have no jurisdiction to proceed."

Thus, without the jurisdictional element of a case or controversy any court is without power to render a decision. Therefore, it is the law that a court must first determine that a party with standing has brought the cause and that he brings a justiciable issue before the court. If such is not the situation, there is nothing before the court and the court is totally without jurisdiction to decide any issue in the cause. *Rivera* v. *Simmons Co.*, (1976) 264 Ind. 401, 345 N.E.2d 227; *City of Indianapolis* v. *Indiana State Board of Tax Commissioners*, *supra; Fidel* v. *Kovacik*, (1962) 242 Ind. 610, 181 N.E.2d 228; *City of Indianapolis* v. *Hawkins*, (1913) 180 Ind. 382, 103 N.E. 10; *Robertson* v. *State ex rel. Smith*, (1887) 109 Ind. 79, 10 N.E. 582; *Brewington* v. *Lowe*, (1848) 1 Ind. 21. Thus the trial court in this case had no jurisdiction to decide any issue, including the issue of jurisdiction of the Board of County Commissioners of Allen County, until it first decided whether it had a case or controversy before it by determining the standing of Fort Wayne to bring the appeal in the first instance.

On the second jurisdictional issue in this case, concerning the jurisdiction of the Allen County Board of Commissioners to grant the annexation petition, the Court of Appeals was also in error. First, the Court of Appeals failed to distinguish the difference between subject matter jurisdiction over the class of cases involved, from subject matter jurisdiction over the particular case within the class. Second, the Court of Appeals based its conclusion

on findings of fact which were in the jurisdiction of the trial court to find, and not the Court of Appeals.

Appellant New Haven is correct in the assertion that if a tribunal possesses the power to determine cases of the general class to which the particular case belongs, it possesses subject matter jurisdiction to consider the particular case, absent specific and timely objections to the jurisdiction of such particular case. As stated by this court in *Myers* v. *Sell,* (1948) 226 Ind. 608 at 613, 81 N.E.2d 846 at 847: "It has been decided many times by this court that jurisdiction of the subject matter is the power to hear and determine cases of the general class to which the proceedings then before the court belong." *See also Quinn* v. *Peoples Trust and Savings Co.,* (1945) 223 Ind. 317, 60 N.E. 2d 281; *Pierson* v. *Republic Casualty Co.,* (1928) 200 Ind. 350, 160 N.E. 43; *Ward* v. *Board of Comm'rs of Lake County,* (1927) 199 Ind. 467, 157 N.E. 721. Likewise, as observed by this court in *McCoy* v. *Able* (1892) 131 Ind. 417 at 420, 30 N.E. 528 at 529:

"There was here jurisdiction of the general subject, that is, of the general class of cases to which the particular case belongs, and where such jurisdiction exists specific objections to the jurisdiction must be opportunely made, and duly brought into the record. 'By jurisdiction of the subject-matter . . . is meant jurisdiction of the class of cases to which the particular case belongs.' "

(citations omitted.) *See also Board of Commissioners of Delaware County* v. *Briggs,* (1976) Ind. App., 340 N.E.2d 373 at 375. A judgment of a court without jurisdiction of the particular case within the class is not a void judgment. Such jurisdiction can be waived and must be attacked by proper and timely objection. *Pittsburgh C. C. & St. L. Ry.* v. *Gregg,* (1913) 181 Ind. 42, 102 N.E. 961. In that case, this court stated, at 181 Ind. at 50, 102 N.E. at 964:

"It has been decided many times by this court that objections to facts upon which the jurisdiction of the board of commissioners, depends, not apparent upon the face of the record, can only be taken by appearing before the board

and making such objection at the time the petition is presented and before the appointment of the viewers. If such objections are not so presented, they cannot be raised afterwards either before the board or in the circuit court on appeal."

See also Tucker v. Sellers, (1891) 130 Ind. 514, 30 N.E. 531; Little v. Thompson and Others, (1865) 24 Ind. 146; Clark County Board of County Commissioners v. King, (1974) 160 Ind. App. 152, 310 N.E.2d 560; Farley v. Farley, (1973) 157 Ind. App. 385, 300 N.E.2d 375; Park Implement Co. v. Review Board of Unemployment Compensation Division of Dept. of Treasury, (1941) 109 Ind. App. 530, 36 N.E.2d 985.

There is no question concerning the Allen County Board of Commissioners' jurisdiction over annexation petitions in general. It remains for the trial court to determine if under the law and the pertinent facts, the county board had jurisdiction over this particular petition and if the issue was properly and timely raised by Fort Wayne. This appeared to be the finding and conclusion of the Court of Appeals in its July 22, 1974, order, in which it directed the Noble Circuit Court to conduct a hearing upon the Ind. R. Tr. P. 60 motion of the City of New Haven. The Court of Appeals could not make the determination on the jurisdiction of the county board, because the trial court had never made a determination on that issue. Neither the Court of Appeals nor this court can make such findings of fact, but can only review such findings and conclusions and judgments by the trial court. There was never a hearing on which this issue was ever presented to the trial court, nor was any finding or conclusion made by the trial court based on any evidence in this cause. The record shows that the appellate court in 1971, by dicta, said that the Board of Commissioners had no jurisdiction. The trial court then said, in June of 1972, that based on the opinion of the appellate court that he finds that the Allen County Board had no jurisdiction. The Court of Appeals in 1977 then adopted the dicta of its 1971 opinion, and affirmed the finding of the trial court. Judge Hagen by his

affidavit states there was never a hearing on the Ind. R. Tr. 60 motion of New Haven. Therefore, there was never a hearing by any trial court on this isue in order for it to make a determination, on the facts and the law, that could then be reviewed by the Court of Appeals or this court.

The Court of Appeals made its decision on the platted or unplatted character of the land involved based on certain exhibits. These exhibits were clipped or stapled to a motion by Fort Wayne for reconsideration and review of the summary judgment order entered by the Allen Circuit Court in 1968. This motion was summarily overruled by the Allen Circuit Court. These exhibits were never put into evidence, and no finding was ever made by the trial court in regard to them or in regard to the facts they contained. It really appears that the Court of Appeals, in its dicta in the 1971 opinion, did not mean to say that the Board of Commissioners does not have jurisdiction. Rather it seems that the court meant to infer that the board may not have jurisdiction, and would not have if the trial court should make certain findings based on questions that appeared in the record. This would be consistent with their statement that there would be certain procedural and substantive questions that the trial court would face in its determinations.

In summary, the first thing the trial court must do is to make the determination as to whether or not Fort Wayne had standing to bring the appeal, as was directed by the Court of Appeals in 1971. If the trial court determines that Fort Wayne did have standing to bring the action, and that a case or controversy does exist, then it will have jurisdiction to decide the jurisdictional issue of the county board as discussed above.

One other issue needs to be discussed here. Appellant, International Harvester Company, submits the Court of Appeals erred when it failed to suspend further consideration of this action in the face of a certain conflict of interest apparent on the face of the

record. The claim is that a former counsel of record in this action for the interest of International Harvester has now entered his appearance of record in this action as legal representative for For Wayne, and has caused to be filed in this case a brief in behalf of Fort Wayne on April 7, 1976. This also is an issue that must be decided by the trial court. Neither the Court of Appeals nor this court can pass on this issue, as the necessary and pertinent facts are not before us. The issue of the alleged conflict, and the judicial responsibilities with reference to it, rest in the trial court. The trial court's determination is then reviewable by an appellate court.

This cause is remanded to the trial court with orders to set aside its judgment of June 1, 1972, which dismissed this cause, and proceedings consistent with this opinion.

Givan, C.J., Hunter, Prentice, JJ., concur.

DeBruler, J., dissents with opinion.

## DISSENTING OPINION

DeBruler, J.—There is much sound law in the majority opinion with which I heartily agree, however, I do not concur in the application of that law to the circumstances presented here. The issue before us is whether the Noble Circuit Court correctly denied the Trial Rule 60 motion of the City of New Haven. That motion was summarized by the opinion of Judge Garrard for the Third District Court of Appeals as having two legal bases: (1) that the Allen Circuit Court judgment at which the motion was directed was entered without notice or opportunity for the City of New Haven to be heard or present evidence; and (2) that the Allen Circuit Court judgment exceeded the mandate of the Second District Court of Appeals in *City of Fort Wayne* v. *Board of Trustees of the Town of New Haven, etc.,* (1971) 150 Ind. App. 519, 277 N.E.2d 38. The record does not support the absence under the first theory of such opportunity, but shows instead a bypass of an available opportunity in the Allen Circuit Court and the

actual presentation of New Haven's contentions to the Court of Appeals in a separate proceeding, Cause No. 169 A 17. With regard to the second theory, the mandate foreclosed a summary judgment *for New Haven* because of the absence of standing on the part of Fort Wayne to sue, and required further consistent proceedings. The judgment challenged by this motion thereafter rendered was *for Fort Wayne* based upon the absence of jurisdiction of the Board and was not, therefore, inconsistent with the mandate. Adhering to the contentions made in the Trial Rule 60 motion, Judge Garrard for the Court of Appeals moves studiously from point to point to the conclusion that the Noble Circuit Court could properly find against New Haven as a matter of law on the allegations of the motion. I agree with that conclusion and would affirm the judgments of the Allen Circuit Court and the Noble Circuit Court.

NOTE.—Reported at 375 N.E.2d 1112.