George SNIHUROWYCZ,
Defendant-Appellant,

v.

AAMCO TRANSMISSIONS, INC.,
Plaintiff-Appellee.

No. 3–1079A280.

Court of Appeals of Indiana,
Third District.

April 6, 1981.

Gordon A. Etzler, F. Joseph Jaskowiak, Hoeppner, Wagner & Evans, Valparaiso, for defendant-appellant.

John P. McQuillan, Spangler, Jennings, Spangler & Dougherty, P.C., Merrillville, for plaintiff-appellee.

GARRARD, Judge.

On December 15, 1975, AAMCO Transmissions, Inc. entered a franchise agreement with George S. Snihurowycz. For the next several years, Snihurowycz operated an AAMCO center in Valparaiso, Indiana. However, on March 30, 1979 AAMCO notified Snihurowycz that it was terminating the franchise agreement. Shortly thereafter, this suit was initiated. On September 18, 1977, at the request of AAMCO, the Porter Superior Court issued an injunction against Snihurowycz ordering him to discontinue use of the AAMCO name in operating his business. In addition, the court ordered Snihurowycz to deposit with the clerk of the court $6,000 due AAMCO in franchise fees which he had withheld from the company.

Snihurowycz appeals the trial court's order, arguing that:

1. AAMCO, in light of IC 23-1-11-14, lacked capacity to seek an injunction in Indiana;

2. The injunction was contrary to law, since AAMCO had failed to comply with IC 23-2-2.7-3, in terminating his franchise; and

3. The order requiring him to deposit $6,000 with the clerk of the court is contrary to law, since it constitutes a "prejudgment order of attachment" in violation of IC 34-1-11-1.

## I.

▇ AAMCO filed its suit against Snihurowycz on May 24, 1979. As an affirmative defense, Snihurowycz asserted that pursuant to IC 23-1-11-14, AAMCO lacked capacity to prosecute the action in Indiana because it was "a foreign corporation transacting business in [the] state without procuring a certificate of admission." On appeal, Snihurowycz again raises the issue.

IC 23-1-11-14 provides:

"Penalties—No foreign corporation transacting business in this state without procuring a certificate of admission or, if such a certificate has been procured, after its certificate of admission has been withdrawn or revoked, shall maintain any suit, action or proceeding in any of the courts of this state upon any demand, whether arising out of contract or tort; and every such corporation so transacting business shall be liable by reason thereof to a penalty of not exceeding ten thousand dollars [$10,000], to be recovered in any court of competent jurisdiction in an action to be begun and prosecuted by the attorney-general in any county in which such business was transacted.

If any foreign corporation shall transact business in this state without procuring a certificate of admission, or, if a certificate has been procured, after its certificate has been withdrawn or revoked, or shall transact any business not authorized by such certificate, such corporation shall not be entitled to maintain any suit or action at law or in equity upon any claim, legal or equitable, whether arising out of contract or tort, in any court in this state; and it shall be the duty of the attorney-general, upon being advised that any foreign corporation is so transacting business in this state, to bring action in the circuit or superior court of Marion County for an injunction to restrain it from transacting such unauthorized business and for the annulment of its certificate of admission if one has been procured.

Any agent of any foreign corporation who shall transact for such corporation any business in this state before it shall have procured a certificate of admission or after its certificate shall have been withdrawn or revoked, shall be deemed guilty of a misdemeanor and upon conviction thereof shall be fined in any amount not exceeding one hundred dollars [$100] for each and every such offense."

AAMCO admits it is a foreign corporation, and that it did not procure a certificate of admission. The company vigorously denies it was transacting business in Indiana within the meaning of the statute. However, we need not decide the point because we believe Snihurowycz waived his right to contest AAMCO's capacity to bring the suit by accepting the trial court's jurisdiction over the case.

When AAMCO filed its suit against Snihurowycz, a similar action, filed by the CHAAMCO Service Corporation, was already pending. On July 12, 1979, Snihurowycz petitioned to have the two suits consolidated, and when the petition was granted, he agreed to a stipulation providing:

"Defendant having filed Motion to Consolidate, parties now agree that proceedings in Cause No. 79-PSC-1509 to [be] transferred to Cause No. 79-PSC-1057 and that Aamco Transmissions, Inc., be listed as co-plaintiff in Cause No. 79-PSC-1057, and that the Court in Cause No. 79-PSC-1057, shall have jurisdiction over the parties Chaamco Service Corp., Aamco Transmission, Inc. and George Snihurowycz.

/s/ Raymond D. Kickbush, Judge
Porter Superior Court"

We said in *Wildwood Park Community Ass'n. v. Fort Wayne* (1979), Ind.App., 396 N.E.2d 678, that:

> "The legal capacity of a party to prosecute its claim is a matter which affects the trial court's jurisdiction over the particular case—not its jurisdiction over the subject matter. *Board of Trustees, Etc. v. City of Fort Wayne* (1978), Ind., 375 N.E.2d 1112, 1117; *Farley v. Farley* (1973), 157 Ind.App. 385, 300 N.E.2d 375, 383. Unlike subject matter jurisdiction, which cannot be waived by a party and may be raised, sua sponte, by the court, jurisdiction over the particular case may be waived by the failure to make a specific and timely objection. *Board of Trustees, Etc. v. City of Fort Wayne, supra; Decatur County R. E. Mem. Corp. v. Public Service Co.* (1971), 150 Ind.App. 193, 275 N.E.2d 857, 860."

By stipulating that the trial court had jurisdiction over AAMCO and himself, Snihurowycz waived his right to contest the company's legal capacity to bring the suit.

## II.

■ Snihurowycz argues the trial court should not have issued an injunction at AAMCO's request because the company violated IC 23–2–2.7–3, which provides:

> "Termination or nonrenewal—Notice. —Unless otherwise provided in the agreement, any termination of a franchise or election not to renew a franchise must be made on at least ninety [90] days' notice."

The argument is without merit. There is no evidence AAMCO violated the statute. As Snihurowycz admits, the company terminated his franchise pursuant to Paragraph 18(a) in the franchise agreement, which provides:

> "This agreement shall immediately terminate upon receipt by licensee of written notice of termination . . . ."

Thus, the agreement *did* "otherwise provide" for termination, and AAMCO was not required to give Snihurowycz 90 days' no-

tice. There is no requirement, as appellant suggests, that the alternative provided in the agreement guarantee at least some advance notice if the 90 day period is to be avoided.

## III.

■ At the preliminary injunction hearing, Snihurowycz admitted he had not paid at least $6,000 due AAMCO in franchise fees. In response, the court issued the following order:

> "9. Defendant will deposit with the Clerk of the Court the sum of money in the amount of approximately $6,000.00 which defendant has testified that he has withheld from Aamco as franchise fees, and which defendant testified he has accumulated and kept in his name."

Snihurowycz maintains the order was "contrary to law" because it represents a "prejudgment order of attachment, contrary to the requirements of IC 34–1–11–1." We agree.

The order clearly is one of attachment, which may be defined as "an involuntary dispossession of the defendant prior to any adjudication of the rights of the plaintiff, that is, a seizure in advance of trial and judgment." 6 Am.Jur.2d *Attachment and Garnishment* § 1 at p. 560. Though Snihurowycz admits money was due AAMCO, nevertheless, the actual monies referred to were his until properly levied upon pursuant to judicial process.[1] Attachments of the sort ordered by the trial court in this case are authorized by IC 34–1–11–1 et seq. However, as Snihurowycz notes, there is no evidence that the trial court followed the proper procedure set out in the statute for ordering an attachment. For example, no affidavits were filed by AAMCO pursuant to IC 34–1–11–4a. Therefore, we believe the order was improperly issued and the $6,000 paid to the clerk of the court should be returned to Snihurowycz pending further action.

---

1. Snihurowycz apparently claims a set off, arguing that AAMCO owes him several thousand dollars for "intershop work."

AAMCO seeks to sustain the court's order by reference to IC 34–1–12–4, which provides:

"Deposit of money in court. When it is admitted by the pleading or examination of a party that he has in his possession or under his control any money or other thing capable of delivery, which, being the subject of the litigation, is held by him as trustee for another party, or which belongs or is due to another party, the court, or the judge thereof in vacation, may order the same to be deposited in court or with the clerk thereof, in vacation, or delivered to such party, with or without security, subject to the further order of the court or the judge thereof."

However, we believe this section of the code is applicable only in receivership proceedings (appearing as it does as part of the chapter entitled Receivers and Deposits in Courts). It has no independent general application making it available in this proceeding.

Further, AAMCO argues the court was entitled to issue its order as an exercise of its equitable powers. We are unaware of any authorization for the court's action in equity, and AAMCO has failed to provide us with any.

The trial court's injunction is affirmed, except as to its order requiring Snihurowycz to deposit $6,000 with the clerk of its court.

Affirmed in part, reversed in part.

HOFFMAN, P. J., and STATON, J., concur.